UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                                    :
In re                                               :        **Chapter 11**
                                                    :
**FUSION CONNECT, INC.**, *et al.*,                 :        **Case No. 19-11811 (SMB)**
                                                    :
          Debtors.[1]                               :        **(Jointly Administered)**
                                                    :
---------------------------------------------------------------X

## ORDER (I) APPROVING DISCLOSURE STATEMENT AND NOTICE OF DISCLOSURE STATEMENT HEARING, (II) ESTABLISHING SOLICITATION AND VOTING PROCEDURES, (III) SCHEDULING CONFIRMATION HEARING, (IV) APPROVING CONFIRMATION OBJECTION PROCEDURES AND NOTICE OF CONFIRMATION HEARING, AND (V) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**"),[2] of Fusion Connect, Inc. and its debtor

subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "**Debtors**"), pursuant to sections 105, 502, 1125, 1126, and 1128 of title 11 of

the United States Code (the "**Bankruptcy Code**"), Rules 2002, 3003, 3016, 3017, 3018, 3020, and

9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 2002-

1, 3017-1, 3018-1, 3020-1, and 9006-1 of the Local Bankruptcy Rules for the Southern District of

New York (the "**Local Rules**") for entry of order (a) approving the *Amended Disclosure Statement*

*for Second Amended Joint Chapter 11 Plan of Fusion Connect, Inc. and its Subsidiary Debtors*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Fusion Connect, Inc. (2021); Fusion BCHI Acquisition LLC (7402); Fusion NBS Acquisition Corp. (4332); Fusion LLC (0994); Fusion MPHC Holding Corporation (3066); Fusion MPHC Group, Inc. (1529); Fusion Cloud Company LLC (5568); Fusion Cloud Services, LLC (3012); Fusion CB Holdings, Inc. (6526); Fusion Communications, LLC (8337); Fusion Telecom, LLC (0894); Fusion Texas Holdings, Inc. (2636); Fusion Telecom of Kansas, LLC (0075); Fusion Telecom of Oklahoma, LLC (3260); Fusion Telecom of Missouri, LLC (5329); Fusion Telecom of Texas Ltd., L.L.P. (8531); Bircan Holdings, LLC (2819); Fusion Management Services LLC (5597); and Fusion PM Holdings, Inc. (2478). The Debtors' principal offices are located at 210 Interstate North Parkway, Suite 300, Atlanta, Georgia 30339.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion, the First Day Declaration, the Disclosure Statement, or the Plan, as applicable.

(the "**Disclosure Statement**") as containing adequate information pursuant to section 1125 of the Bankruptcy Code; (b) approving the form and manner of the Disclosure Statement Notice; (c) scheduling the Confirmation Hearing to consider confirmation of the *Second Amended Joint Chapter 11 Plan of Fusion Connect, Inc. and Its Subsidiary Debtors* (the "**Plan**"); (d) approving objection procedures to the confirmation of the Debtors' Plan, and the form and manner of the Confirmation Hearing Notice, substantially in the form attached hereto as **Schedule 1**; and (e) approving certain solicitation and voting procedures in connection with the Plan, including, among other things, the forms of Ballots, substantially in the form attached hereto as **Schedule 2A**, **Schedule 2B**, and **Schedule 2C**, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein as set forth in the affidavit of service filed with respect thereto (ECF No. 171); and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion on September 24, 2019 (the "**Hearing**"); and upon the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the

WEIL:\97210164\1\47019.0003

best interests of the Debtors, their Estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A.     <u>Notice of the Disclosure Statement Hearing and Disclosure Statement Objection Deadline</u>.  The notice of hearing for the Disclosure Statement filed by the Debtors and served upon parties in interest in these chapter 11 cases on July 2, 2019, and the deadline for filing objections to the Disclosure Statement and the publication of notice of the Disclosure Statement Hearing in the national editions of *The New York Times* and *USA Today*, together with the Motion itself and the record of these chapter 11 cases, constitutes adequate and sufficient notice of the hearing to consider approval of the Disclosure Statement, the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules.  No further notice is required.

B.     <u>The Disclosure Statement</u>.  The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

C.     <u>Balloting and Voting Procedures</u>.  The procedures set forth herein and in the Ballots (as defined herein) for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

---

[3]     The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

WEIL:\97210164\1\47019.0003

D.    <u>Ballots</u>.  The ballots substantially in the form annexed hereto as **<u>Schedule 2A</u>**, **<u>Schedule 2B</u>**, and **<u>Schedule 2C</u>** (the "**Ballots**"), including all voting instructions provided therein, is consistent with Official Bankruptcy Form No. B 314, addresses the particular needs of these chapter 11 cases and provides adequate information and instructions for each individual entitled to vote to accept or reject the Plan.  No further information or instructions are necessary with respect to the Ballots.

E.    <u>Parties Entitled to Vote</u>.  Pursuant to the Plan, holders of Claims in Class 3 (First Lien Claims), Class 4 (Second Lien Claims), and Class 5 (General Unsecured Claims) are entitled to vote on account of such Claims.

F.    <u>Parties Not Entitled to Vote</u>.  The Debtors contend that holders of Claims in Class 1 (Priority Non-Tax Claims), Class 2 (Other Secured Claims), Class 6 (Intercompany Claims), and Class 7 (Intercompany Interests) are Unimpaired and, accordingly, pursuant to section 1126(f) of the Bankruptcy Code, are conclusively presumed to accept the Plan and are not entitled to vote on account of such Claims.  Further, the Debtors contend that holders of Class 8 (Parent Equity Interests) and Class 9 (Subordinated Securities Claims) are Impaired and are conclusively deemed to have rejected the Plan, and accordingly, pursuant to section 1126(g) of the Bankruptcy Code such holders are not entitled to vote on account of such Interests and Claims.

G.    <u>Solicitation Packages and Distribution Procedures</u>.  The proposed distribution and contents of the Solicitation Packages comply with section 1126 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties of the Voting Record Date, Voting Deadline, Plan Objection Deadline, Confirmation Hearing, and other related matters.

WEIL:\97210164\1\47019.0003

H.        <u>Solicitation Period</u>.  The period during which the Debtors may solicit votes to accept or reject the Plan established herein is a reasonable and sufficient period of time for the Voting Classes to make an informed decision regarding whether to accept or reject the Plan and timely return Ballots evidencing such decision.

I.        <u>Notice of Confirmation Hearing and Plan Objection Deadline</u>.    The procedures set forth in the Motion regarding notice to all parties of the time, date, and place of the hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") and for filing objections or responses to the Plan, provide due, proper, and adequate notice, comport with due process and comply with Bankruptcy Rules 2002 and 3017.  No further notice is required.

J.        <u>Notice</u>.  All other notices to be provided pursuant to the procedures set forth in the Motion are good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Confirmation Hearing.  No further notice is required.

K.        <u>Relief is Warranted</u>.  The legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.        The Motion is granted as set forth herein.

2.        All objections to the relief granted herein that have not been withdrawn with prejudice, waived, or settled, and all reservations of rights included in such objections, hereby are overruled and denied on the merits with prejudice.

**<u>Disclosure Statement</u>**

3.        The Disclosure Statement contains adequate information in accordance with section 1125 of the Bankruptcy Code and is **APPROVED**.

4.      The form and manner of the notice of the hearing on the Disclosure Statement complied with all applicable Bankruptcy Rules and Local Rules.

5.      The Disclosure Statement (including all applicable exhibits thereto) provides sufficient notice of the injunction, exculpation, and release provisions contained in Article X of the Plan, in accordance with Bankruptcy Rule 3016(c).

## Solicitation and Voting Procedures

### *The Voting Record Date*

6.      The Voting Record Date shall be **September 24, 2019 at 5:00 p.m. (prevailing Eastern Time)**.  Only holders of Claims as of the Voting Record Date shall be entitled to vote to accept or reject the Plan.

7.      With respect to any transferred Claim, if the transferor of such Claim is entitled to vote with respect to the Plan, the transferee shall be entitled to receive a Solicitation Package and vote to accept or reject the Plan on account of the transferred Claim only if:  (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.  In the event a Claim is transferred after the transferor has completed a Ballot, the transferee of such Claim shall be bound by any vote (and the consequences thereof) made on the Ballot by the holder as of the Voting Record Date of such transferred Claim.

6

*Solicitation Packages*

8.      The Solicitation Packages are **APPROVED**.

9.      The Debtors shall mail the Solicitation Packages no later than four (4) business days following the date of entry of the Disclosure Statement Order or as soon as reasonably practicable thereafter (the "**Solicitation Date**"), to the U.S. Trustee and the holders of Claims in the Voting Classes as of the Voting Record Date, as required by Bankruptcy Rule 3017(d).

10.     Solicitation Packages shall contain a copy of:

(a)      this Order (without any attachments);

(b)      the Confirmation Hearing Notice;

(c)      a Ballot for those creditors entitled to vote on the Plan and an appropriate return envelope with prepaid postage; and

(d)      an instruction sheet detailing how to (i) access an electronic version of the Disclosure Statement (with all exhibits thereto, including the Plan) via a link to the Debtors' website page or (ii) request the Disclosure Statement in electronic format on a USB flash drive or in hard copy.

11.     Any party entitled to receive a copy of the Plan and Disclosure Statement may request an additional copy of the Disclosure Statement Order, Disclosure Statement, and Plan either in electronic format on a USB flash drive or paper format by contacting Prime Clerk at (844) 230-7218 (Domestic) or (347) 859-8784 (International) and requesting to speak with a member of the solicitation team, or by e-mailing Fusionconnectballots@Primeclerk.com with a reference to "Fusion Connect, Inc." in the subject line.

12.     The Debtors shall not be required to send Solicitation Packages to holders of Claims that have already been paid in full; provided, however, that if any such Claim holder

7

would be entitled to receive a Solicitation Package for any other reason, the Debtors shall send such Claim holder a Solicitation Package in accordance with the procedures set forth in the Motion.

13.    With respect to addresses from which the Debtors have received mailings returned as undeliverable by the United States Postal Service, the Debtors are excused from mailing Solicitation Packages or any other materials related to voting or confirmation of the Plan to those entities listed at such addresses unless the Debtors are provided with accurate addresses for such entities before the Voting Deadline, and failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such entities will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017.

### *Ballots*

14.    The Ballots, substantially in the form attached hereto as **Schedule 2A**, **Schedule 2B**, and **Schedule 2C** are **APPROVED**.

15.    The Debtors are authorized to make non-substantive changes to the Ballots and related documents without further order of the Court, including ministerial changes to correct typographical and grammatical errors, and to make conforming changes among the Ballots and any other materials in the Solicitation Packages prior to mailing.

16.    The Voting Deadline shall be **November 4, 2019 at 4:00 p.m. (prevailing Eastern Time)** unless extended by the Debtors, with the consent of the First Lien Lender Group, either (a) for any holder of a Claim in the Voting Classes by written (including by email) notice to such holder or (b) for the entire Voting Class by notice filed by the Debtors in these chapter 11 cases.

WEIL:\97210164\1\47019.0003

17.     All Ballots must be properly executed, completed, and delivered to Prime Clerk by first-class mail, overnight courier, or hand delivery so that they are **actually received** by Prime Clerk no later than the Voting Deadline.  In addition to accepting hard copy Ballots via first class mail, overnight courier, and hand delivery, the Debtors are authorized to accept Ballots via electronic, online transmissions, solely through a customized online balloting portal on the Debtors' case website to be maintained by Prime Clerk (the "**E- Ballot Portal**").  Parties entitled to vote may cast an electronic Ballot and electronically sign and submit the Ballot instantly by utilizing the E-Ballot Portal (which allows a holder to submit an electronic signature).  The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.  For the avoidance of doubt, holders may only cast Ballots electronically via the E-Ballot Portal.  Ballots submitted by email, facsimile, or any other means of electronic submission not specifically authorized by the solicitation procedures shall not be counted.

### *Tabulation Procedures*

18.     The following tabulation procedures are **APPROVED**.

19.     If applicable, solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a Claim, and without prejudice to the rights of the Debtors in any other context, the Debtors propose that each Claim within the Voting Classes be temporarily allowed in an amount equal to the amount of such Claim as set out forth in a timely filed proof of Claim, or, if no proof of Claim was filed, the liquidated, noncontingent, undisputed amount of such Claim as set out, as of the applicable Voting Record Date, in the register of the Prepetition First Lien Administrative Agent, the Prepetition Second

Lien Administrative Agent, and as set forth in the applicable Debtor's schedule of assets and liabilities (collectively, as may be amended from time to time, the "**Schedules**").

20.    The foregoing general procedures will be subject to the following exceptions:

(a)    if a Claim is deemed Allowed, pursuant to the Plan or by order of this Court (entered prior to the Voting Deadline), such Claim shall be Allowed for voting purposes in the deemed Allowed amount set forth in the Plan or such order;

(b)    if a Claim, for which a proof of Claim has been timely filed, is contingent, unliquidated, or disputed (based on the face of the Claim or a reasonable review of the Claim and its supporting documentation), such Claim shall be temporarily Allowed for voting purposes in the amount of one dollar ($1.00);

(c)    if a Claim has been estimated for voting purposes or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily Allowed for voting purposes in the amount so estimated or Allowed in such order;

(d)    if a Claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim has not yet been timely filed as of the Bar Date, such Claim is accorded one vote and temporarily Allowed for voting purposes in the amount of one dollar ($1.00);

(e)    if a Claim is filed in the amount of $0.00, the holder of such Claim shall not be entitled to vote on account of such Claim;

(f)    if a Claim is listed in the Schedules or on a proof of claim timely filed by the Bar Date as contingent, unliquidated, or disputed in part, such Claim is temporarily Allowed for voting purposes in the amount that is liquidated, non-contingent, and undisputed;

(g)    if the Debtors serve an objection to, or request for estimation of, a Claim at least ten (10) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes, except as may be ordered by the Court before the Voting Deadline; provided, however, that if the Debtors' objection seeks only to reclassify or reduce the Allowed amount of such Claim, then such Claim is temporarily Allowed for voting purposes in the proposed reduced amount and/or as proposed to be reclassified (as applicable), except as may be ordered by this Court before the Voting Deadline;

10

(h)     notwithstanding anything contained herein to the contrary, the Debtors, in their reasonable discretion, may waive any defects in a Ballot, or enter into a stipulation to settle or resolve any dispute in relation thereto, with a holder of a Claim that has completed a Ballot, in each case, subject to Court approval;

(i)     notwithstanding anything contained herein to the contrary, Prime Clerk, in its discretion, may contact entities entitled to vote to cure any defects in the Ballot;

(j)     **subject to Bankruptcy Rule 3018(a),** ~~there shall be a rebuttable presumption that in the case~~ where more than one timely, properly completed Ballot voting the same Claim is received, only the last properly completed Ballot will be counted ~~unless the holder of the Claim receives Court approval, in accordance with Bankruptcy Rule 3018(a)~~; **[SMB: 10/7/19]**

(k)     notwithstanding anything to the contrary contained herein, any Claim holder who has filed or purchased duplicate Claims within the same Class shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims;

(l)     if a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending Claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed Claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended Claim. Except as otherwise ordered by the Court, any amendments to proofs of claim after the Voting Record Date shall not be considered for purposes of these tabulation rules; and

(m)     holders of paid or otherwise satisfied claims are not entitled to vote.

21.     Solely for purposes of voting to accept or reject the Plan, and not for purposes of allowance or distribution, the Debtors shall be entitled to rely on the amounts of Claims as set out in the register of the Prepetition First Lien Administrative Agent and Prepetition Second Lien Administrative Agent, respectively, as of the Voting Record Date, and such Agents will provide the Debtors or Prime Clerk with the applicable records in electronic Microsoft Excel format no later than one (1) business days following the Voting Record Date, as applicable.

11

22.     Any Ballot that is properly completed, executed, and timely returned to Prime Clerk but does not indicate an acceptance or rejection of the Plan, or indicates both an acceptance and a rejection of the Plan, shall not be counted.

23.     Creditors must vote all of their Claim(s) within the Voting Classes, either to accept or reject the Plan, and may not split their vote(s).

24.     A Ballot that partially rejects and partially accepts the Plan shall not be counted.

25.     The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:  (a) any Ballot received after the Voting Deadline unless, subject to Court approval, the Debtors have granted in writing an extension of the Voting Deadline with respect to such Ballot; (b) any Ballot that is illegible or contains insufficient information to permit the identification of the Claim holder; (c) any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan; (d) any Ballot that is unsigned or without an original signature; provided, however, for the avoidance of doubt, a Ballot submitted via Prime Clerk's E-Ballot Portal shall be deemed to contain an original signature; and (e) any Ballot transmitted to Prime Clerk by facsimile, electronic transmission, or other electronic means (other than via Prime Clerk's E-Ballot Portal).

26.     **October 25, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "**Rule 3018(a) Motion Deadline**") shall be the deadline for the filing and serving of any motion requesting temporary allowance of a Claim for purposes of voting pursuant to Bankruptcy Rule 3018(a) (the "**Rule 3018(a) Motion(s)**").  Rule 3018(a) Motions must be filed with the Court and served upon the following parties and such other parties as the Court may order (collectively,

12

the "**Objection Notice Parties**"), so as to be **actually received** not later than the Rule 3018(a)

Motion Deadline:

| | |
|---|---|
| ***Debtors and Debtors in Possession***<br>Fusion Connect Inc., et al.<br>210 Interstate North Parkway<br>Suite 300<br>Atlanta, Georgia 30339<br>Attn:  James P. Prenetta Jr.<br>　　　Executive Vice President and<br>　　　General Counsel | ***Office of the U.S. Trustee***<br>William K. Harrington, U.S. Department of<br>Justice, Office of the U.S. Trustee<br>201 Varick Street, Room 1006<br>New York, New York 10014<br>Attn:  Richard Morrissey<br>　　　Susan Arbeit |
| ***Counsel to the Debtors and Debtors in Possession***<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Attn:  Gary T. Holtzer<br>　　　Sunny Singh | ***Counsel to the First Lien Lender Group***<br>Davis Polk & Wardwell LLP<br>450 Lexington Avenue<br>New York, New York 10017<br>Attn: Damian S. Schaible<br>　　　Adam L. Shpeen |
| ***Counsel to Wilmington Trust, N.A., as DIP Agent, Prepetition Bridge Agent, and Prepetition First Lien Administrative Agent***<br>Arnold & Porter Kaye Scholer LLP<br>70 West Madison Street, Suite 4200<br>Chicago, Illinois 60602<br>Attn: Michael D. Messersmith<br>　　　Sarah Gryll | ***Counsel to the Creditors' Committee***<br>Cooley LLP<br>55 Hudson Yards<br>New York, New York 10001<br>Attn: Cathy Hershcopf<br>Seth Van Aalten |

27.    Nothing in this Order shall affect or limit any party's rights to object to any proof of claim or Rule 3018(a) Motion.

28.    In accordance with Local Rule 3018-1(a), Prime Clerk shall certify in writing the amount and number (as applicable) of Allowed Claims in the Voting Classes that voted to accept or reject the Plan, and such Voting Certification shall be filed by no later than **November 5, 2019 at 4:00 p.m.** (prevailing Eastern Time) (the "**Voting Certification Deadline**").  The Voting Certification shall include a list of any Ballots that are not counted and set forth the reason for such treatment.  The Debtors shall serve the Voting Certification upon, among others, (a) the

WEIL:\97210164\1\47019.0003

Court; (b) counsel to the Debtors; (c) the U.S. Trustee; (d) counsel to the Creditors' Committee; (e) counsel to the First Lien Lender Group; (f) counsel to Wilmington Trust, N.A., as DIP Agent, Prepetition Bridge Agent, and the Prepetition First Lien Administrative Agent; and (g) counsel to the Prepetition Second Lien Administrative Agent.

## **Confirmation**

### *Confirmation Hearing*

29.     The Confirmation Hearing shall be held on **November 14, 2019 at 10:00 a.m. (prevailing Eastern Time)**; <u>provided</u>, <u>however</u>, that the Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtors without further notice, including adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Court.

### *Plan Supplement*

30.     The Debtors are authorized to file and serve a supplement to the Plan on or before seven (7) calendar days prior to the Plan Objection Deadline, and to further supplement such plan supplement as necessary thereafter.

31.     As soon as reasonably practicable after filing the Plan Supplement, the Debtors shall file and serve a notice of filing of the Plan Supplement on all holders of Claims and Interests.

### *Notice of Confirmation Hearing*

32.     The Confirmation Hearing Notice substantially in the form attached hereto as **<u>Schedule 1</u>** is **APPROVED**.

33.     The Confirmation Hearing Notice provides due, proper, and adequate notice, comports with due process and complies with Bankruptcy Rules 2002 and 3017 and Local Rule 6004-1.

14

34.    All parties in interest shall receive or be deemed to have received good and sufficient notice of (a) the Motion and (b) the Confirmation Hearing, and no further notice of the foregoing shall be required, if, as soon as reasonably practicable, but no later than the Solicitation Date, the Debtors shall cause the Confirmation Hearing Notice to be filed with the Court and served by email, mail, facsimile, or overnight delivery upon all parties required to be noticed pursuant to Bankruptcy Rules 2002 and 3017.

35.    The Debtors shall publish the Publication Notice in the national editions of *The New York Times* and *USA Today* and shall be authorized (but not required) to publish the Publication Notice in such other publications of general circulation as the Debtors shall determine, **no later than the Solicitation Date**.

36.    With respect to Class 6 (Intercompany Claims) and Class 7 (Intercompany Interests), the Debtors are not required to serve any type of notice in connection with the solicitation of the Plan, including the Confirmation Hearing Notice.

### *Objections to Confirmation*

37.    Objections and responses, if any, to confirmation of the Plan, must:  (a) be in writing; (b) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of any objection, and provide proposed language that, if accepted and incorporated by the Debtors, would obviate such objection; (d) conform to the Bankruptcy Rules and the Local Rules; (e) be filed with the Court (i) by registered users of the Court's case filing system, electronically in accordance with General Order M-399 (which can be found at http://www.nysb.uscourts.gov) and (ii) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Court and General Order M-399, as applicable; and (f) be served in accordance with General Order M-399

by **November 4, 2019 at 4:00 p.m. (prevailing Eastern Time)**.  Pursuant to Bankruptcy Rule 3020(b), if no objection is timely filed, this Court may determine that the plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues.

38.    Objections to confirmation of the Plan that are not timely filed, served, and actually received in the manner set forth above may not be considered unless otherwise agreed by the Debtors or determined by the Court.

39.    The Debtors are authorized to file and serve replies or an omnibus reply to any such objections along with their brief in support of confirmation of the Plan either separately or by a single, consolidated reply, as well as any affidavits or declarations in support of confirmation of the Plan on or before **November 11, 2019 at 12:00 p.m. (prevailing Eastern Time)** (the "**Reply Deadline**").  In addition, any party in interest may file and serve a statement in support of confirmation of the Plan and/or a reply to any objections to confirmation of the Plan by the Reply Deadline.

## General Provisions

40.    The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Ballots, the Confirmation Hearing Notice, and any related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming non-substantive changes to reflect any such changes made to the Disclosure Statement and the Plan prior to mailing.

41.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, and 9014, or any applicable provisions of the Local Rules or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Order.

WEIL:\97210164\1\47019.0003

42.     The Debtors are authorized to take all reasonable steps necessary or appropriate to carry out this Order.

43.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated:   October 7, 2019
         New York, New York

                                    /s/ *Stuart M. Bernstein*
                                    STUART M. BERNSTEIN
                                    United States Bankruptcy Judge

17

# **SCHEDULE 1**

**Form of Confirmation Hearing Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                 :

In re                             :         **Chapter 11**

                                   :

**FUSION CONNECT, INC.,** *et al.*,    :         **Case No. 19-11811 (SMB)**

                                   :

                 **Debtors.**[1]         :         **(Jointly Administered)**

                                   :

-------------------------------------------------------------X

### NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF VOTING RECORD DATE, (III) CONFIRMATION HEARING, (IV) CONFIRMATION OBJECTION PROCEDURES, AND (V) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN

**TO ALL PARTIES IN INTEREST:**

        **PLEASE TAKE NOTICE THAT:**

        1.     *Approval of Disclosure Statement*.  On September 24, 2019, the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") held a hearing (the "**Disclosure Statement Hearing**") at which it approved the *Second Amended Disclosure Statement for Amended Joint Chapter 11 Plan of Fusion Connect, Inc., and its Subsidiary Debtors*, filed on October 7, 2019 (ECF No. 455) (as may be amended, modified, or supplemented, the "**Disclosure Statement**")[2] in Fusion Connect, Inc. and its debtor affiliates' chapter 11 cases (collectively, the "**Debtors**"), and thereafter entered an order (the "**Disclosure Statement Order**") with respect thereto.  The Disclosure Statement Order, among other things, authorizes the Debtors to solicit votes to accept or reject the *Second Amended Joint Chapter 11 Plan of Fusion Connect, Inc., and its Subsidiary Debtors*, filed on October 7, 2019 (ECF No. 456) (as may be amended, modified, or supplemented, the "**Plan**").

        2.     *Confirmation Hearing*.  A hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") has been scheduled before the Honorable Stuart M. Bernstein,

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Fusion Connect, Inc. (2021); Fusion BCHI Acquisition LLC (7402); Fusion NBS Acquisition Corp. (4332); Fusion LLC (0994); Fusion MPHC Holding Corporation (3066); Fusion MPHC Group, Inc. (1529); Fusion Cloud Company LLC (5568); Fusion Cloud Services, LLC (3012); Fusion CB Holdings, Inc. (6526); Fusion Communications, LLC (8337); Fusion Telecom, LLC (0894); Fusion Texas Holdings, Inc. (2636); Fusion Telecom of Kansas, LLC (0075); Fusion Telecom of Oklahoma, LLC (3260); Fusion Telecom of Missouri, LLC (5329); Fusion Telecom of Texas Ltd., L.L.P. (8531); Bircan Holdings, LLC (2819); Fusion Management Services LLC (5597); and Fusion PM Holdings, Inc. (2478).  The Debtors' principal offices are located at 210 Interstate North Parkway, Suite 300, Atlanta, Georgia 30339.

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such term in the Disclosure Statement or the Plan (each as defined herein), as applicable, or as the context otherwise requires.

United States Bankruptcy Judge, in Room 723 of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), One Bowling Green, New York, New York 10004, on **November 14, 2019 at 10:00 a.m. (prevailing Eastern Time)**. To the extent the Debtors pursue a Sale Transaction, the approval of any such transaction will be heard at the Confirmation Hearing. The Confirmation Hearing may be adjourned or continued from time to time by the Bankruptcy Court or the Debtors without further notice other than adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court. The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing.

　　　　　3.　　***Voting Record Date.*** Holders of First Lien Claims (Class 3), Second Lien Claims (Class 4), and General Unsecured Claims (Class 5) against the Debtors as of **September 24, 2019 at 5:00 p.m. (prevailing Eastern Time)** (the "**Voting Record Date**") are entitled to vote on the Plan. The Debtors' voting and tabulation agent, Prime Clerk LLC ("**Prime Clerk**"), shall provide such creditors with the appropriate Solicitation Package. If Prime Clerk previously provided such creditor with a Ballot on account of a scheduled claim or previous Proof of Claim, Prime Clerk shall update the creditor's voting amount but shall not be obligated to send a new Ballot.

　　　　　4.　　***Voting Deadline***. All votes to accept or reject the Plan must be **actually received** by Prime Clerk, by no later than **November 4, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "**Voting Deadline**"), unless extended by the Debtors with the consent of the First Lien Lender Group. Any failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote.

　　　　　5.　　***Parties in Interest Not Entitled to Vote***. The following table designates the Classes of Claims against and Interests in the Debtors and specifies which of those Classes are (a) Impaired or Unimpaired by the Plan; (b) entitled to vote to accept or reject the Plan in accordance with section 1126 of the Bankruptcy Code; and (c) deemed to accept or reject the Plan. Only holders of First Lien Claims (Class 3), Second Lien Claims (Class 4), and General Unsecured Claims (Class 5) are entitled to vote on the Plan and will receive a Ballot. Holders of Unimpaired Claims and/or Interests in classes deemed to accept the Plan are not entitled to vote and will not receive a Ballot. In addition, holders of Impaired Claims in classes deemed to reject the Plan are not entitled to vote and will not receive a Ballot.

| Class | Designation | Treatment | Entitled to Vote |
|---|---|---|---|
| 1 | Priority Non-Tax Claims | Unimpaired | No (Presumed to accept) |
| 2 | Other Secured Claims | Unimpaired | No (Presumed to accept) |
| 3 | First Lien Claims | Impaired | Yes |
| 4 | Second Lien Claims | Impaired | Yes |
| 5 | General Unsecured Claims | Impaired | Yes |
| 6 | Intercompany Claims | Unimpaired | No (Presumed to accept) |
| 7 | Intercompany Interests | Unimpaired | No (Presumed to accept) |
| 8 | Parent Equity Interests | Impaired | No (Deemed to reject) |
| 9 | Subordinated Securities Claims | Impaired | No (Deemed to reject) |

2

**UNDER THE TERMS OF THE PLAN, IF YOU ARE THE HOLDER OF A CLAIM OTHER THAN A FIRST LIEN CLAIM (CLASS 3), SECOND LIEN CLAIM (CLASS 4), OR GENERAL UNSECURED CLAIM (CLASS 5), YOUR CLAIM IS EITHER UNIMPAIRED OR IMPAIRED, AND THEREFORE, PURSUANT TO SECTION 1126(F) OR 1126(G) OF TITLE 11 OF THE UNITED STATES CODE, RESPECTIVELY, YOU ARE (A) PRESUMED TO ACCEPT OR DEEMED TO REJECT THE PLAN, RESPECTIVELY AND (B) NOT ENTITLED TO VOTE ON THE PLAN.**

If you disagree with the amount or classification of your Claim and believe that you should be entitled to vote on the Plan or vote in a different amount, then you must serve on the parties identified in paragraph 8 below and file with the Bankruptcy Court a motion (a "**Rule 3018(a) Motion**") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") temporarily allowing your Claim in a different amount or in a different class for purposes of voting to accept or reject the Plan.  All Rule 3018(a) Motions must be filed on or before **October 25, 2019 at 4:00 p.m. (prevailing Eastern Time)**.  Rule 3018(a) Motions that are not timely filed and served in the manner set forth above shall not be considered.  As to any Claim holder filing a Rule 3018(a) Motion, such Claim holder's Ballot will be counted as provided in the Disclosure Statement Order except as may be otherwise ordered by the Bankruptcy Court.  Claim holders may contact Prime Clerk in writing at Fusion Connect, Inc., Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, by email to fusionconnectballots@PrimeClerk.com with a reference to "Fusion Connect, Inc." in the subject line, or by telephone at (844) 230-7218 (Domestic) or (347) 859-8784 (International) to receive an appropriate Ballot for any Claim for which a Proof of Claim has been timely filed and a Rule 3018(a) Motion has been granted.

6.    ***Objections to Confirmation***.    Responses and objections, if any, to confirmation of the Plan must:

(a)    be in writing;

(b)    state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(c)    state with particularity the basis and nature of any objection, and, if applicable, provide proposed language that, if accepted and incorporated by the Debtors, would obviate such objection;

(d)    conform to the Bankruptcy Rules and the Local Rules;

(e)    be filed with the Court together with proof of service either (i) electronically or (ii) conventionally, as noted below in accordance with General Order M-399 by **November 4, 2019 at 4:00 p.m. (prevailing Eastern Time)**:

(i)    *Electronic Filing*: the filer must be an attorney in possession of passwords and logins to both PACER and the Bankruptcy Court's Electronic Case Filing System; electronic filing must be in accordance with General Order M-399 (which can be found at http://www.nysb.uscourts.gov); or

3

(ii) *Conventional Filing*: the filer must send the response or objection by mail, courier, or messenger to the Bankruptcy Court's clerk at the following address: United States Bankruptcy Court, One Bowling Green, New York, NY 10004; the hard copy of the response or objection should be accompanied by a CD-ROM containing the response or objection in text-searchable portable document format (PDF); and

(iii) *All filers*: those filing electronically as well as those filing conventionally must provide Chambers with two separate, single-sided hard copies of the response or objection; any proposed order should be accompanied by a CD-ROM containing the response or objection in text-searchable portable document format (PDF).

**THE FAILURE OF ANY PERSON OR ENTITY TO FILE AND SERVE AN OBJECTION TO CONFIRMATION OF THE PLAN BY THE CONFIRMATION OBJECTION DEADLINE SHALL BE BARRED FROM ASSERTING, AT THE CONFIRMATION HEARING OR THEREAFTER, ANY OBJECTION TO CONFIRMATION OF THE PLAN.**

7.     ***Additional Information.***     Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan should contact the Debtors' voting and tabulation agent, Prime Clerk, by telephone at (844) 230-7218 (Domestic) or (347) 859-8784 (International), or in writing: Fusion Connect, Inc., Ballot Processing, c/o Prime Clerk LLC, One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, or by email at fusionconnnectballots@Primeclerk.com with a reference to "Fusion Connect, Inc." in the subject line.  Interested parties may also review the Disclosure Statement and the Plan free of charge on the internet (http://cases.primeclerk.com/Fusion/).  In addition, the Disclosure Statement and the Plan are on file with the Bankruptcy Court and may be reviewed for a fee by accessing the Bankruptcy Court's website:  www.nysb.uscourts.gov.  Note that a PACER password and login are needed to access documents on the Bankruptcy Court's website.  A PACER password can be obtained at:  https://www.pacer.gov.  Copies of the Disclosure Statement and the Plan may also be examined by interested parties during normal business hours at the office of the Clerk of the Bankruptcy Court.  **PRIME CLERK IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.**

8.     ***DISCHARGE, INJUNCTIONS, RELEASES, AND EXCULPATION***. **PLEASE BE ADVISED THAT ARTICLE X OF THE PLAN PROVIDES FOR DISCHARGE, INJUNCTIONS, RELEASES, AND EXCULPATION OF CERTAIN CONDUCT. COPIES OF THE PLAN MAY BE OBTAINED IN ACCORDANCE WITH THE PROCEDURES DESCRIBED ABOVE IN PARAGRAPH 7.  INFORMATION ON DISCHARGE, INJUNCTIONS, RELEASES, AND EXCULPATION MAY BE FOUND IN SECTIONS 10.3 THROUGH 10.7 OF THE PLAN.**

9.     The Plan also contains other related provisions that may affect your rights against the Debtors.

4

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, INJUNCTION, RELEASE, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

Dated: _____, 2019
      New York, New York

                         _____
                         WEIL, GOTSHAL & MANGES LLP
                         767 Fifth Avenue
                         New York, New York 10153
                         Telephone:  (212) 310-8000
                         Facsimile:   (212) 310-8007
                         Gary T. Holtzer
                         Sunny Singh

                         *Attorneys for Debtors*
                         *and Debtors in Possession*

## SCHEDULE 3A

**Form of First Lien Ballot**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                  :

In re                               :        **Chapter 11**

                                  :

**FUSION CONNECT, INC.,** *et al.*,       :        **Case No. 19-11811 (SMB)**

                                  :

                Debtors.[1]       :        **(Jointly Administered)**

                                  :
---------------------------------------------------------------X

### BALLOT FOR ACCEPTING OR REJECTING SECOND AMENDED JOINT CHAPTER 11 PLAN OF FUSION CONNECT, INC., AND ITS SUBSIDIARY DEBTORS

**BALLOT FOR:** *CLASS 3 – First Lien Claims*

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS 4:00 P.M., PREVAILING EASTERN TIME, ON NOVEMBER 4, 2019 (THE "VOTING DEADLINE"), UNLESS EXTENDED BY THE DEBTORS WITH THE CONSENT OF THE FIRST LIEN LENDER GROUP.**

> **IMPORTANT INFORMATION REGARDING CERTAIN RELEASES BY HOLDERS OF CLAIMS:**
>
> **IF YOU RETURN A BALLOT AND VOTE TO ACCEPT THE PLAN, YOU ARE AUTOMATICALLY DEEMED TO HAVE CONSENTED TO THE RELEASE PROVISIONS IN SECTION 10.6(b) OF THE PLAN.**

This ballot (the "**Ballot**") is provided to you to solicit your vote to accept or reject the *Second Amended Joint Chapter 11 Plan of Fusion Connect, Inc., and its Subsidiary Debtors* under chapter 11 of the Bankruptcy Code, dated October 7, 2019 (as it may be amended or modified, the "**Plan**"). The Plan is attached as **Exhibit A** to the *Second Amended Disclosure Statement for the Amended*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Fusion Connect, Inc. (2021); Fusion BCHI Acquisition LLC (7402); Fusion NBS Acquisition Corp. (4332); Fusion LLC (0994); Fusion MPHC Holding Corporation (3066); Fusion MPHC Group, Inc. (1529); Fusion Cloud Company LLC (5568); Fusion Cloud Services, LLC (3012); Fusion CB Holdings, Inc. (6526); Fusion Communications, LLC (8337); Fusion Telecom, LLC (0894); Fusion Texas Holdings, Inc. (2636); Fusion Telecom of Kansas, LLC (0075); Fusion Telecom of Oklahoma, LLC (3260); Fusion Telecom of Missouri, LLC (5329); Fusion Telecom of Texas Ltd., L.L.P. (8531); Bircan Holdings, LLC (2819); Fusion Management Services LLC (5597); and Fusion PM Holdings, Inc. (2478). The Debtors' principal offices are located at 210 Interstate North Parkway, Suite 300, Atlanta, Georgia 30339.

*Joint Chapter 11 Plan of Fusion Connect, Inc., and its Subsidiary Debtors*, dated October 7, 2019 (as it may be amended or modified, the "**Disclosure Statement**").

Copies of the Disclosure Statement and the Plan will be on file with the Office of the Clerk of the Bankruptcy Court for review during normal business hours (a fee may be charged) and are also available free of charge on the Debtors' claims agent's website (https://cases.primeclerk.com/Fusion/).

All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Plan.  The Disclosure Statement provides information to assist you in deciding how to vote on the Plan.  You should review the Disclosure Statement and the Plan in their entirety before you vote.  You may wish to seek independent legal advice concerning the Plan and your classification and treatment under the Plan.

The Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code.  The Plan can thereafter be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims voted in each Impaired Class, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan, and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote or if you vote to reject the Plan.

Please use this Ballot to cast your vote to accept or reject the Plan if you are, as of September 24, 2019 at 5:00 p.m. (prevailing Eastern Time) (the "**Voting Record Date**"), a holder of a Claim against the Debtors arising under that certain First Lien Credit and Guaranty Agreement, dated as of May 4, 2018, by and among FCI, as borrower, certain subsidiaries of FCI, as guarantor subsidiaries, Wilmington Trust, as administrative agent and collateral agent, and the Prepetition First Lien Lenders, as amended, restated, modified or supplemented from time to time prior to the Commencement Date (the "**Prepetition First Lien Credit Agreement**" and such claims against the Debtors arising under the Prepetition First Lien Credit Agreement, collectively, the "**First Lien Claims**").

If you have any questions on how to properly complete this Ballot, please call Prime Clerk LLC (the "**Voting Agent**") at (844) 230-7218 (Domestic) or (347) 859-8784 (International) and request to speak with a member of the solicitation team, or email fusionconnectballots@PrimeClerk.com with a reference to "Fusion Connect, Inc." in the subject line.  **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**This Ballot is to be used for voting by holders of First Lien Claims (Class 3).  In order for your vote to be counted, this Ballot must be properly completed, signed, and returned to the Voting Agent so that it is actually received <u>no later than 4:00 p.m. (prevailing Eastern Time) on November 4, 2019</u> (the "Voting Deadline"), unless such time is extended by the Debtors with the consent of the First Lien Lender Group.**

2

**This Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of, or distribution on account of, Class 3 Claims (First Lien Claims).**

**INSTRUCTIONS FOR COMPLETING THE BALLOT**

This Ballot is submitted to you to solicit your vote to accept or reject the Plan.  The terms of the Plan are described in the Disclosure Statement, including all exhibits thereto.  **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**To have your vote counted, you must complete, sign, and return this Ballot so that it its received by the Voting Agent no later than the Voting Deadline, unless such time is extended by the Debtors.  Ballots must be delivered to the Voting Agent (i) at an appropriate address listed below or (ii) via the Voting Agent's E-Ballot platform by visiting http://cases.primeclerk.com/Fusion/, clicking on the "E-Ballot" link and following the instructions set forth on the website.  Holders are encouraged to submit their Ballots via the E-Ballot platform.  If you choose to submit your Ballot via the E-Ballot platform, you should NOT submit your hard copy Ballot as well.  Please choose only one method of return for your Ballot.**

---

**If by U.S. Postal Service mail, overnight delivery or personal delivery by hand:**

Fusion Connect, Inc. Ballot Processing
c/o Prime Clerk LLC
One Grand Central Place
60 East 42nd Street, Suite 1440
New York, New York 10165

**If by electronic submission:**

Visit http://cases.primeclerk.com/Fusion/.  Click on the "E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot. If you choose to submit your Ballot via Prime Clerk's E-Ballot system, you should not also return a hard copy of your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#:**
_____

---

3

WEIL:\97210164\1\47019.0003

> **"E-Balloting" is the sole manner in which**
> **Ballots will be accepted via electronic**
> **transmission.**

**Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission (except via the Voting Agent's E-Ballot platform).**

**The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the holder, (ii) any ballot cast by a Person that does not hold a Claim in a Class entitled to vote on the Plan, (iii) any unsigned Ballot, (iv) any ballot that does not contain an original signature (for the avoidance of doubt, a Ballot submitted by the E-Ballot platform shall be deemed to bear an original signature); and (v) any Ballot transmitted to the Voting Agent by facsimile, or electronic transmission, or other electronic means (other than Ballots entitled to be submitted via the Voting Agent's online balloting portal). An otherwise properly completed, executed, and timely returned Ballot failing to indicate either acceptance or rejection of the Plan or indicating both acceptance and rejection of the Plan will not be counted.**

To properly complete the Ballot, you must follow the procedures described below:

a.   Make sure that the information contained in Item 1 is correct;

b.   If you have a Class 3 – First Lien Claim, cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

c.   **Make sure to read the information regarding the Releases in Item 2. Holders of Claims who accept the Plan are automatically deemed to have consented to the release provisions in Section 10.6(b) of the Plan.**

d.   If you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing on the appropriate line in Item 3. By submitting the Ballot you are certifying that you have authority to so act and agree to provide documents evidencing such authority upon request (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act);

e.   If you hold other First Lien Claims (Class 3), you may receive more than one Ballot. Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class of Claims only if you complete, sign, and return the Ballot labeled for such Class of Claims in accordance with the instructions on that Ballot. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive;

f.   You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan;

4

g.     If more than one timely, properly completed Ballot is received, only the last properly completed Ballot received by the Voting Agent will be counted, unless the holder of the Claim receives Bankruptcy Court approval otherwise;

h.     If you believe that you have received the wrong Ballot, please contact the Voting Agent immediately;

i.     Provide your name, mailing address, and any remaining information requested;

j.     Sign and date your Ballot; and

k.     Return your Ballot with an original signature to the Voting Agent. For the avoidance of doubt, a Ballot submitted by the E-Ballot platform shall be deemed to bear an original signature.

No Ballot shall constitute or be deemed a proof of Claim or an assertion of Claim.

In the event that (i) the Debtors revoke or withdraw the Plan or (ii) the Confirmation Order is not entered or consummation of the Plan does not occur, this Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you.

**IF YOU (A) HAVE ANY QUESTIONS REGARDING THIS BALLOT, (B) DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, (C) DID NOT RECEIVE A LINK TO THE DEBTORS' WEBSITE PAGE CONTAINING THE DISCLOSURE STATEMENT AND PLAN, OR (D) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (844) 230-7218 (DOMESTIC) OR (347) 859-8784 (INTERNATIONAL) AND REQUEST TO SPEAK WITH A MEMBER OF THE SOLICITATION TEAM, OR BY E-MAILING FUSIONCONNECTBALLOTS@PRIMECLERK.COM WITH A REFERENCE TO "FUSION CONNECT, INC." IN THE SUBJECT LINE. PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT. THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

5

**IMPORTANT INFORMATION REGARDING THE**
**<u>INJUNCTION, RELEASES, AND EXCULPATION PROVISIONS IN THE PLAN</u>[2]**

### <u>*Select Defined Terms*</u>

"*Affiliates*" means "Affiliates" as such term is defined in section 101(2) of the Bankruptcy Code.

"*Claim*" has the meaning set forth in section 101(5) of the Bankruptcy Code, as against any Debtor.

"*Confirmation Order*" means the order of the Bankruptcy Court confirming the Plan pursuant to section 1129 of the Bankruptcy Code.

"*Definitive Documents*" means the documents (including any related orders, agreements, instruments, schedules or exhibits) that are necessary or desirable to implement, or otherwise relate to the Reorganization Transaction, including, but not limited to: (a) the Plan; (b) the Disclosure Statement; (c) the Disclosure Statement Motion, (d) the Disclosure Statement Order; (e) the Consulting Agreement; (f) each of the documents comprising the Plan Supplement; and (g) the Confirmation Order.

"*Exculpated Parties*" means collectively, each solely in their capacities as such, the (a) Debtors; (b) Reorganized Debtors; (c) Consenting First Lien Lenders; (d) Prepetition First Lien Administrative Agent; (e) Prepetition Super Senior Administrative Agent; (f) DIP Agent, (g) DIP Lenders; (h) New First Lien Lenders; (i) New First Lien Agent; (j) New Exit Facility Lenders; (k) New Exit Facility Agent; (l) Litigation Trust Oversight Committee; (m) Creditors' Committee and each of its members in such capacity; (n) Non-Debtor Related Parties; and (o) Debtor Exculpated Parties.

"*Interests*" means any equity security (as defined in section 101(16) of the Bankruptcy Code) of a Debtor, including all shares, common stock, preferred stock, units, membership interest, partnership interest, or other instrument evidencing any fixed or contingent ownership interest in any Debtor, whether or not transferable, and any option, warrant, or other right, contractual or otherwise, to acquire any such interest in the Debtors, whether fully vested or vesting in the future, including, without limitation, equity or equity-based incentives, grants, or other instruments issued, granted or promised to be granted to current or former employees, directors, officers, or contractors of the Debtors, to acquire any such interests in the Debtors that existed immediately before the Effective Date.

"*Litigation Trust*" means the trust that will be created on the Effective Date pursuant to the Litigation Trust Agreement and in accordance with the terms of this Plan.

"*Released Parties*" means collectively the: (a) Reorganized Debtors; (b) Consenting First Lien Lenders; (c) Prepetition First Lien Administrative Agent; (d) Consenting Second Lien Lenders; (e) Prepetition Second Lien Administrative Agent; (f) DIP Agent; (g) DIP Lenders; (h) Prepetition Super Senior Administrative Agent; (i) Prepetition Super Senior Lenders; (j) Creditors'

---

[2]    Capitalized terms used in this section but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Plan.

6

Committee and each of its members in such capacity; (k) the Specified Officers and Directors; (l) Non-Debtor Related Parties; and (m) Debtor Related Parties; provided, however, that notwithstanding anything to the contrary herein, no Non-Released Party shall be a Released Party.

"*Reorganization Transaction*" means, collectively, (a) issuance of the New Equity Interests; (b) entry into the New First Lien Credit Documents; (c) entry into the New Exit Facility Documents; (d) entry into the Special Warrant Agreement; (e) entry into the Litigation Trust Agreement; (f) entry into the Litigation Trust Loan Agreement; (g) execution of the Amended Organizational Documents; (h) vesting of the Debtors' assets in the Reorganized Debtors, in each case, in accordance with the Plan; and (i) the other transactions that the Debtors and the Requisite First Lien Lenders reasonably determine are necessary or appropriate to implement the foregoing, in each case, in accordance with the Plan and the RSA.

"*Reorganized Debtors*" means, the Debtors, as reorganized pursuant to and under the Plan on and after the Effective Date.

### *Select Provisions of the Plan*

### Section 10.5 of the Plan: Injunction

      **(a)**    **Upon entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and Affiliates, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan in relation to any Claim or Interest extinguished, discharged, or released pursuant to the Plan.**

      **(b)**    **Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court or as agreed to by the Debtors and a holder of a Claim against or Interest in the Debtors, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and Affiliates are permanently enjoined, on and after the Effective Date, solely with respect to any Claims, Interests, and Causes of Action that will be or are extinguished, discharged, or released pursuant to the Plan from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the Reorganized Debtors, or the Litigation Trust, or the property of any of the Debtors, the Reorganized Debtors, or the Litigation Trust; (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors, the Reorganized Debtors, or the Litigation Trust, or the property of any of the Debtors, the Reorganized Debtors, or the Litigation Trust; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the Reorganized Debtors, or the Litigation Trust, or the property of any of the Debtors, the**

7

Reorganized Debtors, or the Litigation Trust; (iv) asserting any right of setoff, directly or indirectly, against any obligation due from the Debtors, the Reorganized Debtors, or the Litigation Trust, or against property or interests in property of any of the Debtors, the Reorganized Debtors, or the Litigation Trust, except as contemplated or Allowed by the Plan; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

(c)     Each holder of an Allowed Claim or Interest extinguished, discharged, or released pursuant to the Plan will be deemed to have affirmatively and specifically consented to be bound by the Plan, including, without limitation, the injunctions set forth in this Section 10.5.

(d)     The injunctions in this Section 10.5 shall extend to any successors of the Debtors, the Reorganized Debtors, and the Litigation Trust, and their respective property and interests in property.

**Section 10.6 of the Plan: Releases**

(a)     **Estate Releases**.

As of the Confirmation Date, pursuant to section 1123(b) of the Bankruptcy Code, except for the rights that remain in effect from and after the Confirmation Date to enforce the Plan and the Definitive Documents, for good and valuable consideration, the adequacy of which is hereby confirmed, including, without limitation, the service of the Released Parties to facilitate the reorganization of the Debtors and the implementation of the restructuring, and except as otherwise provided in the Plan or in the Confirmation Order, the Released Parties will be deemed expressly, conclusively, absolutely, unconditionally, irrevocably and forever released and discharged, to the maximum extent permitted by law, by the Debtors and their Estates, the Reorganized Debtors, and the Litigation Trust, from any and all Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, remedies, losses, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, or the Reorganized Debtors, as applicable, the Litigation Trust, or the Estates, or their respective successors, predecessors, assigns, and representatives and any and all other Persons or Entities that may purport to assert any Cause of Action derivatively, by or through the foregoing, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, contract, tort, by statute, violations of federal or state securities law, or otherwise, that the Debtors or the Reorganized Debtors (as applicable), the Litigation Trust, or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising prior to the Confirmation Date from, in whole or in part, the Debtors, the Chapter 11 Cases, the pre- and postpetition marketing and sale process, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the Prepetition First Lien Credit Documents, the Prepetition Super Senior Credit Documents, the Forbearance Agreement (as defined in the RSA), the DIP Documents, the business or contractual

8

arrangements between any of the Debtors and any Released Party, the restructuring, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Disclosure Statement, the RSA, and the Plan (including, for the avoidance of doubt, the Plan Supplement) and related agreements, instruments, and other documents (including the Definitive Documents), and the negotiation, formulation, or preparation of any documents or transactions in connection with any of the foregoing, the solicitation of votes with respect to the Plan, the pursuit of the confirmation and consummation of the Plan, or any other act or omission, in all cases based upon any act or omission, transaction, agreement, event or other occurrence taking place on or before the Confirmation Date; provided, that nothing in this Section 10.6(a) shall be construed to release the Released Parties from gross negligence, willful misconduct, or fraud as determined by a Final Order; provided, further, that nothing in this Section 10.6(a) shall be construed to release the obligations of Vector SPV (as defined in the Prepetition First Lien Credit Agreement) arising under the Vector Subordinated Note (as defined in the Prepetition First Lien Credit Agreement). The Debtors, the Reorganized Debtors and their Estates, and the Litigation Trust, or their respective successors, predecessors, assigns, and representatives and any and all other Persons or Entities that may purport to assert any Cause of Action derivatively, by or through the foregoing, shall be permanently enjoined from prosecuting any of the foregoing Claims or Causes of Action released under this Section 10.6(a) against each of the Released Parties. Notwithstanding anything to the contrary in the foregoing or in this Plan, the releases set forth above do not release any post-Confirmation Date obligations of any Entity under the Plan, the Confirmation Order, the Litigation Trust Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

      (b)    <ins>**Consensual Releases by Holders of Impaired Claims.**</ins>

As of the Confirmation Date, except (i) for the right to enforce the Plan or any right or obligation arising under the Definitive Documents that remains in effect or becomes effective after the Confirmation Date or (ii) as otherwise expressly provided in the Plan or in the Confirmation Order, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Confirmation Date, the Released Parties shall be deemed expressly, conclusively, absolutely, unconditionally, irrevocably and forever, released, and discharged by:

      (i)    the holders of Impaired Claims who voted to accept the Plan;

      (ii)    the Consenting First Lien Lenders;

      (iii)    the Consenting Second Lien Lenders;

      (iv)    the Creditors' Committee and each of its members in their capacity as such; and

9

      **(v)**      **with respect to any Entity in the foregoing clauses (i) through (iii), such Entity's (x) predecessors, successors and assigns, (y) subsidiaries, Affiliates, managed accounts or funds, managed or controlled by such Entity and (z) all Persons entitled to assert Claims through or on behalf of such Entities with respect to the matters for which the releasing entities are providing releases.**

      **in each case, from any and all Claims, Interests, or Causes of Action whatsoever, including any derivative Claims asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, contract, tort, by statute, violation of federal or state securities law, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on, relating to, or arising prior to the Confirmation Date from, in whole or in part, the Debtors, the restructuring, the Chapter 11 Cases, the pre- and postpetition marketing and sale process, the purchase, sale or rescission of the purchase or sale of any security of the Debtors or Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the Prepetition First Lien Credit Documents, the Prepetition Super Senior Credit Documents, the Forbearance Agreement (as defined in the RSA), the DIP Documents, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Cases, the negotiation, formulation, preparation, or consummation of the Plan (including the Plan Supplement), the RSA, the Definitive Documents, or any related agreements, instruments, or other documents, the solicitation of votes with respect to the Plan, the pursuit of the confirmation and consummation of the Plan, in all cases based upon any act or omission, transaction, agreement, event or other occurrence taking place on or before the Confirmation Date; provided, that nothing in this Section 10.6(b) shall be construed to release the Released Parties from gross negligence, willful misconduct, or fraud as determined by a Final Order.  The Persons and Entities in (i) through (iv) of this Section 10.6(b) shall be permanently enjoined from prosecuting any of the foregoing Claims or Causes of Action released under this Section 10.6(b) against each of the Released Parties. Notwithstanding anything to the contrary in the foregoing or in this Plan, the releases set forth above do not release any post-Confirmation Date obligations of any Entity under the Plan, the Confirmation Order, the Litigation Trust Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

### Section 10.7 of the Plan: Exculpation

      **To the maximum extent permitted by Section 1125(e) of the Bankruptcy Code and without affecting or limiting either the estate release set forth in Section 10.5 or the consensual releases by holders of Impaired Claims set forth in Section 10.6, and notwithstanding anything herein to the contrary, no Exculpated Party will have or incur, and each Exculpated Party is hereby released and exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, remedy, loss, and liability for any claim in connection with or arising out of the administration of the Chapter 11 Cases, the postpetition marketing and sale process, the postpetition purchase, sale, or rescission of the purchase or sale of any security of the Debtors; the negotiation and pursuit of the**

10

Disclosure Statement, the RSA, the Reorganization Transaction, the Plan, the solicitation of votes for, or confirmation of, the Plan or the Litigation Trust Agreement; the funding or consummation of the Plan; the occurrence of the Effective Date; the administration of the Plan or the property to be distributed under the Plan, including but not limited to the issuance and distribution of the Litigation Trust Interests; the issuance of Securities under or in connection with the Plan; or the transactions in furtherance of any of the foregoing; provided, that nothing in this Section 10.7 shall be construed to release or exculpate an Exculpated Party from gross negligence, willful misconduct, or fraud as determined by a Final Order; provided, further, that nothing in this Section 10.7 shall be construed to release the obligations of Vector SPV (as defined in the Prepetition First Lien Credit Agreement) arising under the Vector Subordinated Note (as defined in the Prepetition First Lien Credit Agreement).

**HOLDERS OF CLAIMS WHO ACCEPT THE PLAN ARE AUTOMATICALLY DEEMED TO HAVE CONSENTED TO THE RELEASE PROVISIONS IN SECTION 10.6(B) OF THE PLAN.**

11

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1**.  **Amount of Class 3 Claim (First Lien Claims)**.  For purposes of voting to accept or reject the Plan, the undersigned certifies that as of the Voting Record Date, the undersigned holds a Class 3 Claim (First Lien Claims) against the Debtors in the amount set forth below.

| |
|---|
| **Amount**:          $[_____] |

**Item 2**.  **Vote on the Plan**.  The undersigned holder of a Class 3 Claim (First Lien Claims) in the amount set forth in Item 1 above hereby votes to:

> **Check one box only**:          ❑     Accept the Plan
>
>                          ❑     Reject the Plan

**Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 2 above.**

**PLEASE TAKE NOTE THAT IF YOU SUBMIT THIS BALLOT TO THE VOTING AGENT AND EITHER: (A) FAIL TO INDICATE WHETHER YOU ARE ACCEPTING OR REJECTING THE PLAN OR (B) CHECK BOTH BOXES INDICATING THAT YOU ARE BOTH ACCEPTING AND REJECTING THE PLAN, YOUR BALLOT WILL NOT BE COUNTED IN DETERMINING THE ACCEPTANCE OR REJECTION OF THE PLAN.**

| |
|---|
| **IMPORTANT INFORMATION REGARDING CERTAIN RELEASES BY HOLDERS OF CLAIMS:**<br><br>**IF YOU RETURN A BALLOT AND VOTE TO ACCEPT THE PLAN, YOU ARE AUTOMATICALLY DEEMED TO HAVE CONSENTED TO THE RELEASE PROVISIONS IN SECTION 10.6(b) OF THE PLAN.** |

**Item 3**.    **Acknowledgements and Ownership Certification**.    By signing this Ballot, the undersigned acknowledges receipt of a Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein.  The undersigned certifies that as of the Voting Record Date (a) it is the Holder of the Class 3 Claim (First Lien Claims) identified in Item 1 above or (b) the undersigned is an authorized signatory and has full power and authority to vote to accept or reject the Plan on behalf of the Holder.

12

Print or Type Name of Holder:     _____

Signature:         _____

Name of Signatory (if different than Holder)[1]: _____

If by Authorized Agent, Title of Agent:  _____

Street Address:       _____

City, State, Zip Code:     _____

Telephone Number:     _____

E-mail Address:       _____

Date Completed:      _____

---

[1] If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.  You may be required to provide additional information or documentation with respect to such relationship.

13

## **SCHEDULE 2B**

**Form of Second Lien Ballot**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X
                                         :

In re                               :            **Chapter 11**
                                           :

**FUSION CONNECT, INC.,** *et al.,*         :            **Case No. 19-11811 (SMB)**
                                         :

                 **Debtors.[1]**         :            **(Jointly Administered)**
                                           :

----------------------------------------------------------------X

### BALLOT FOR ACCEPTING OR REJECTING SECOND AMENDED JOINT CHAPTER 11 PLAN OF FUSION CONNECT, INC., AND ITS SUBSIDIARY DEBTORS

**BALLOT FOR:** *CLASS 4 – Second Lien Claims*

---

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS 4:00 P.M., PREVAILING EASTERN TIME, ON OCTOBER 31, 2019 (THE "VOTING DEADLINE"), UNLESS EXTENDED BY THE DEBTORS WITH THE CONSENT OF THE FIRST LIEN LENDER GROUP.**

---

> **IMPORTANT INFORMATION REGARDING CERTAIN RELEASES BY HOLDERS OF CLAIMS:**
>
> **IF YOU RETURN A BALLOT AND VOTE TO ACCEPT THE PLAN, YOU ARE AUTOMATICALLY DEEMED TO HAVE CONSENTED TO THE RELEASE PROVISIONS IN SECTION 10.6(b) OF THE PLAN.**

---

This ballot (the "**Ballot**") is provided to you to solicit your vote to accept or reject the *Second Amended Joint Chapter 11 Plan of Fusion Connect, Inc., and its Subsidiary Debtors* under chapter 11 of the Bankruptcy Code, dated October 7, 2019 (as it may be amended or modified, the "**Plan**"). The Plan is attached as <u>**Exhibit A**</u> to the *Second Amended Disclosure Statement for the Amended*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Fusion Connect, Inc. (2021); Fusion BCHI Acquisition LLC (7402); Fusion NBS Acquisition Corp. (4332); Fusion LLC (0994); Fusion MPHC Holding Corporation (3066); Fusion MPHC Group, Inc. (1529); Fusion Cloud Company LLC (5568); Fusion Cloud Services, LLC (3012); Fusion CB Holdings, Inc. (6526); Fusion Communications, LLC (8337); Fusion Telecom, LLC (0894); Fusion Texas Holdings, Inc. (2636); Fusion Telecom of Kansas, LLC (0075); Fusion Telecom of Oklahoma, LLC (3260); Fusion Telecom of Missouri, LLC (5329); Fusion Telecom of Texas Ltd., L.L.P. (8531); Bircan Holdings, LLC (2819); Fusion Management Services LLC (5597); and Fusion PM Holdings, Inc. (2478). The Debtors' principal offices are located at 210 Interstate North Parkway, Suite 300, Atlanta, Georgia 30339.

*Joint Chapter 11 Plan of Fusion Connect, Inc., and its Subsidiary Debtors*, dated October 7, 2019 (as it may be amended or modified, the "**Disclosure Statement**").

Copies of the Disclosure Statement and the Plan will be on file with the Office of the Clerk of the Bankruptcy Court for review during normal business hours (a fee may be charged) and are also available free of charge on the Debtors' claims agent's website (https://cases.primeclerk.com/Fusion/).

All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Plan.  The Disclosure Statement provides information to assist you in deciding how to vote on the Plan.  You should review the Disclosure Statement and the Plan in their entirety before you vote.  You may wish to seek independent legal advice concerning the Plan and your classification and treatment under the Plan.

The Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code.  The Plan can thereafter be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims voted in each Impaired Class, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan, and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote or if you vote to reject the Plan.

Please use this Ballot to cast your vote to accept or reject the Plan if you are, as of September 24, 2019 at 5:00 p.m. (prevailing Eastern Time) (the "**Voting Record Date**"), a holder of a Claim against the Debtors arising under that certain Second Lien Credit and Guaranty Agreement, dated as of May 4, 2018, by and among FCI, as borrower, certain subsidiaries of FCI, as guarantor subsidiaries, GLAS Americas LLC as collateral agent (as successor to Wilmington Trust in such capacity), GLAS USA LLC, as administrative agent (as successor to Wilmington Trust in such capacity), and the Prepetition Second Lien Lenders, as amended, restated, modified or supplemented from time to time prior to the Commencement Date (the "**Prepetition Second Lien Credit Agreement**" and such claims against the Debtors arising under the Prepetition Second Lien Credit Agreement, collectively, the "**Second Lien Claims**").

If you have any questions on how to properly complete this Ballot, please call Prime Clerk LLC (the "**Voting Agent**") at (844) 230-7218 (Domestic) or (347) 859-8784 (International) and request to speak with a member of the solicitation team, or email fusionconnectballots@Primeclerk.com with a reference to "Fusion Connect, Inc." in the subject line.  **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**This Ballot is to be used for voting by holders of Second Lien Claims (Class 4).  In order for your vote to be counted, this Ballot must be properly completed, signed, and returned to the Voting Agent so that it is actually received <u>no later than 4:00 p.m. (prevailing Eastern Time) on October 31, 2019</u> (the "Voting Deadline"), unless such time is extended by the Debtors with the consent of the First Lien Lender Group.**

2

**This Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of, or distribution on account of, Class 4 Claims (Second Lien Claims).**

**INSTRUCTIONS FOR COMPLETING THE BALLOT**

This Ballot is submitted to you to solicit your vote to accept or reject the Plan. The terms of the Plan are described in the Disclosure Statement, including all exhibits thereto. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**To have your vote counted, you must complete, sign, and return this Ballot so that it its received by the Voting Agent no later than the Voting Deadline, unless such time is extended by the Debtors. Ballots must be delivered to the Voting Agent (i) at an appropriate address listed below or (ii) via the Voting Agent's E-Ballot platform by visiting http://cases.primeclerk.com/Fusion/, clicking on the "E-Ballot" link and following the instructions set forth on the website. Holders are encouraged to submit their Ballots via the E-Ballot platform. If you choose to submit your Ballot via the E-Ballot platform, you should NOT submit your hard copy Ballot as well. Please choose only one method of return for your Ballot.**

---

**If by U.S. Postal Service mail, overnight delivery or personal delivery by hand:**

Fusion Connect, Inc. Ballot Processing
c/o Prime Clerk LLC
One Grand Central Place
60 East 42nd Street, Suite 1440
New York, New York 10165

**If by electronic submission:**

Visit http://cases.primeclerk.com/Fusion/. Click on the "E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot. If you choose to submit your Ballot via Prime Clerk's E-Ballot system, you should not also return a hard copy of your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#:**
_____

---

3

> **"E-Balloting" is the sole manner in which
> Ballots will be accepted via electronic
> transmission.**

Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission (except via the Voting Agent's E-Ballot platform).

The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the holder, (ii) any ballot cast by a Person that does not hold a Claim in a Class entitled to vote on the Plan, (iii) any unsigned Ballot, (iv) any ballot that does not contain an original signature (for the avoidance of doubt, a Ballot submitted by the E-Ballot platform shall be deemed to bear an original signature); and (v) any Ballot transmitted to the Voting Agent by facsimile, or electronic transmission, or other electronic means (other than Ballots entitled to be submitted via the Voting Agent's online balloting portal). An otherwise properly completed, executed, and timely returned Ballot failing to indicate either acceptance or rejection of the Plan or indicating both acceptance and rejection of the Plan will not be counted.

To properly complete the Ballot, you must follow the procedures described below:

a.    Make sure that the information contained in Item 1 is correct;

b.    If you have a Class 4 – Second Lien Claim, cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

c.    **Make sure to read the information regarding the Releases in Item 2. Holders of Claims who accept the Plan are automatically deemed to have consented to the release provisions in Section 10.6(b) of the Plan.**

d.    If you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing on the appropriate line in Item 3. By submitting the Ballot you are certifying that you have authority to so act and agree to provide documents evidencing such authority upon request (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

e.    If you hold other Second Lien Claims (Class 4), you may receive more than one Ballot. Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class of Claims only if you complete, sign, and return the Ballot labeled for such Class of Claims in accordance with the instructions on that Ballot. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive;

f.    You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan;

4

g.  If more than one timely, properly completed Ballot is received, only the last properly completed Ballot received by the Voting Agent will be counted, unless the holder of the Claim receives Bankruptcy Court approval otherwise;

h.  If you believe that you have received the wrong Ballot, please contact the Voting Agent immediately;

i.  Provide your name, mailing address, and any remaining information requested;

j.  Sign and date your Ballot; and

k.  Return your Ballot with an original signature to the Voting Agent.  For the avoidance of doubt, a Ballot submitted by the E-Ballot platform shall be deemed to bear an original signature.

No Ballot shall constitute or be deemed a proof of Claim or an assertion of Claim.

In the event that (i) the Debtors revoke or withdraw the Plan or (ii) the Confirmation Order is not entered or consummation of the Plan does not occur, this Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you.

**IF YOU (A) HAVE ANY QUESTIONS REGARDING THIS BALLOT, (B) DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, (C) DID NOT RECEIVE A LINK TO THE DEBTORS' WEBSITE PAGE CONTAINING THE DISCLOSURE STATEMENT AND PLAN, OR (D) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (844) 230-7218 (DOMESTIC) OR (347) 859-8784 (INTERNATIONAL) AND REQUEST TO SPEAK WITH A MEMBER OF THE SOLICITATION TEAM, OR BY E-MAILING FUSIONCONNECTBALLOTS@PRIMECLERK.COM WITH A REFERENCE TO "FUSION CONNECT, INC." IN THE SUBJECT LINE.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.  THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

WEIL:\97210164\1\47019.0003

**IMPORTANT INFORMATION REGARDING THE
INJUNCTION, RELEASES, AND EXCULPATION PROVISIONS IN THE PLAN**[2]

### *Select Defined Terms*

"*Affiliates*" means "Affiliates" as such term is defined in section 101(2) of the Bankruptcy Code.

"*Claim*" has the meaning set forth in section 101(5) of the Bankruptcy Code, as against any Debtor.

"*Confirmation Order*" means the order of the Bankruptcy Court confirming the Plan pursuant to section 1129 of the Bankruptcy Code.

"*Definitive Documents*" means the documents (including any related orders, agreements, instruments, schedules or exhibits) that are necessary or desirable to implement, or otherwise relate to the Reorganization Transaction, including, but not limited to: (a) the Plan; (b) the Disclosure Statement; (c) the Disclosure Statement Motion, (d) the Disclosure Statement Order; (e) the Consulting Agreement; (f) each of the documents comprising the Plan Supplement; and (g) the Confirmation Order.

"*Exculpated Parties*" means collectively, each solely in their capacities as such, the (a) Debtors; (b) Reorganized Debtors; (c) Consenting First Lien Lenders; (d) Prepetition First Lien Administrative Agent; (e) Prepetition Super Senior Administrative Agent; (f) DIP Agent, (g) DIP Lenders; (h) New First Lien Lenders; (i) New First Lien Agent; (j) New Exit Facility Lenders; (k) New Exit Facility Agent; (l) Litigation Trust Oversight Committee; (m) Creditors' Committee and each of its members in such capacity; (n) Non-Debtor Related Parties; and (o) Debtor Exculpated Parties.

"*Interests*" means any equity security (as defined in section 101(16) of the Bankruptcy Code) of a Debtor, including all shares, common stock, preferred stock, units, membership interest, partnership interest, or other instrument evidencing any fixed or contingent ownership interest in any Debtor, whether or not transferable, and any option, warrant, or other right, contractual or otherwise, to acquire any such interest in the Debtors, whether fully vested or vesting in the future, including, without limitation, equity or equity-based incentives, grants, or other instruments issued, granted or promised to be granted to current or former employees, directors, officers, or contractors of the Debtors, to acquire any such interests in the Debtors that existed immediately before the Effective Date.

"*Litigation Trust*" means the trust that will be created on the Effective Date pursuant to the Litigation Trust Agreement and in accordance with the terms of this Plan.

"*Released Parties*" means collectively the: (a) Reorganized Debtors; (b) Consenting First Lien Lenders; (c) Prepetition First Lien Administrative Agent; (d) Consenting Second Lien Lenders; (e) Prepetition Second Lien Administrative Agent; (f) DIP Agent; (g) DIP Lenders; (h) Prepetition Super Senior Administrative Agent; (i) Prepetition Super Senior Lenders; (j) Creditors' Committee and each of its members in such capacity; (k) the Specified Officers and Directors;

---

[2]    Capitalized terms used in this section but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Plan.

6

(l) Non-Debtor Related Parties; and (m) Debtor Related Parties; provided, however, that notwithstanding anything to the contrary herein, no Non-Released Party shall be a Released Party.

"*Reorganization Transaction*" means, collectively, (a) issuance of the New Equity Interests; (b) entry into the New First Lien Credit Documents; (c) entry into the New Exit Facility Documents; (d) entry into the Special Warrant Agreement; (e) entry into the Litigation Trust Agreement; (f) entry into the Litigation Trust Loan Agreement; (g) execution of the Amended Organizational Documents; (h) vesting of the Debtors' assets in the Reorganized Debtors, in each case, in accordance with the Plan; and (i) the other transactions that the Debtors and the Requisite First Lien Lenders reasonably determine are necessary or appropriate to implement the foregoing, in each case, in accordance with the Plan and the RSA.

"*Reorganized Debtors*" means, the Debtors, as reorganized pursuant to and under the Plan on and after the Effective Date.

### *Select Provisions of the Plan*

### Section 10.5 of the Plan: Injunction

**(c)      Upon entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and Affiliates, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan in relation to any Claim or Interest extinguished, discharged, or released pursuant to the Plan.**

**(d)      Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court or as agreed to by the Debtors and a holder of a Claim against or Interest in the Debtors, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and Affiliates are permanently enjoined, on and after the Effective Date, solely with respect to any Claims, Interests, and Causes of Action that will be or are extinguished, discharged, or released pursuant to the Plan from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the Reorganized Debtors, or the Litigation Trust, or the property of any of the Debtors, the Reorganized Debtors, or the Litigation Trust; (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors, the Reorganized Debtors, or the Litigation Trust, or the property of any of the Debtors, the Reorganized Debtors, or the Litigation Trust; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the Reorganized Debtors, or the Litigation Trust, or the property of any of the Debtors, the Reorganized Debtors, or the Litigation Trust; (iv) asserting any right of setoff, directly or**

7

indirectly, against any obligation due from the Debtors, the Reorganized Debtors, or the Litigation Trust, or against property or interests in property of any of the Debtors, the Reorganized Debtors, or the Litigation Trust, except as contemplated or Allowed by the Plan; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

(e)     Each holder of an Allowed Claim or Interest extinguished, discharged, or released pursuant to the Plan will be deemed to have affirmatively and specifically consented to be bound by the Plan, including, without limitation, the injunctions set forth in this Section 10.5.

(f)     The injunctions in this Section 10.5 shall extend to any successors of the Debtors, the Reorganized Debtors, and the Litigation Trust, and their respective property and interests in property.

## Section 10.6 of the Plan: Releases

(g)     **Estate Releases**.

As of the Confirmation Date, pursuant to section 1123(b) of the Bankruptcy Code, except for the rights that remain in effect from and after the Confirmation Date to enforce the Plan and the Definitive Documents, for good and valuable consideration, the adequacy of which is hereby confirmed, including, without limitation, the service of the Released Parties to facilitate the reorganization of the Debtors and the implementation of the restructuring, and except as otherwise provided in the Plan or in the Confirmation Order, the Released Parties will be deemed expressly, conclusively, absolutely, unconditionally, irrevocably and forever released and discharged, to the maximum extent permitted by law, by the Debtors and their Estates, the Reorganized Debtors, and the Litigation Trust, from any and all Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, remedies, losses, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, or the Reorganized Debtors, as applicable, the Litigation Trust, or the Estates, or their respective successors, predecessors, assigns, and representatives and any and all other Persons or Entities that may purport to assert any Cause of Action derivatively, by or through the foregoing, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, contract, tort, by statute, violations of federal or state securities law, or otherwise, that the Debtors or the Reorganized Debtors (as applicable), the Litigation Trust, or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising prior to the Confirmation Date from, in whole or in part, the Debtors, the Chapter 11 Cases, the pre- and postpetition marketing and sale process, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the Prepetition First Lien Credit Documents, the Prepetition Super Senior Credit Documents, the Forbearance Agreement (as defined in the RSA), the DIP Documents, the business or contractual arrangements between any of the Debtors and any Released Party, the restructuring, the

8

restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Disclosure Statement, the RSA, and the Plan (including, for the avoidance of doubt, the Plan Supplement) and related agreements, instruments, and other documents (including the Definitive Documents), and the negotiation, formulation, or preparation of any documents or transactions in connection with any of the foregoing, the solicitation of votes with respect to the Plan, the pursuit of the confirmation and consummation of the Plan, or any other act or omission, in all cases based upon any act or omission, transaction, agreement, event or other occurrence taking place on or before the Confirmation Date; provided, that nothing in this Section 10.6(a) shall be construed to release the Released Parties from gross negligence, willful misconduct, or fraud as determined by a Final Order; provided, further, that nothing in this Section 10.6(a) shall be construed to release the obligations of Vector SPV (as defined in the Prepetition First Lien Credit Agreement) arising under the Vector Subordinated Note (as defined in the Prepetition First Lien Credit Agreement). The Debtors, the Reorganized Debtors and their Estates, and the Litigation Trust, or their respective successors, predecessors, assigns, and representatives and any and all other Persons or Entities that may purport to assert any Cause of Action derivatively, by or through the foregoing, shall be permanently enjoined from prosecuting any of the foregoing Claims or Causes of Action released under this Section 10.6(a) against each of the Released Parties. Notwithstanding anything to the contrary in the foregoing or in this Plan, the releases set forth above do not release any post-Confirmation Date obligations of any Entity under the Plan, the Confirmation Order, the Litigation Trust Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

(h)    <u>Consensual Releases by Holders of Impaired Claims.</u>

As of the Confirmation Date, except (i) for the right to enforce the Plan or any right or obligation arising under the Definitive Documents that remains in effect or becomes effective after the Confirmation Date or (ii) as otherwise expressly provided in the Plan or in the Confirmation Order, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Confirmation Date, the Released Parties shall be deemed expressly, conclusively, absolutely, unconditionally, irrevocably and forever, released, and discharged by:

        (i)        the holders of Impaired Claims who voted to accept the Plan;

        (ii)        the Consenting First Lien Lenders;

        (iii)        the Consenting Second Lien Lenders;

        (iv)        the Creditors' Committee and each of its members in their capacity as such; and

        (v)        with respect to any Entity in the foregoing clauses (i) through (iii), such Entity's (x) predecessors, successors and assigns, (y) subsidiaries,

9

Affiliates, managed accounts or funds, managed or controlled by such Entity and (z) all Persons entitled to assert Claims through or on behalf of such Entities with respect to the matters for which the releasing entities are providing releases.

in each case, from any and all Claims, Interests, or Causes of Action whatsoever, including any derivative Claims asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, contract, tort, by statute, violation of federal or state securities law, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on, relating to, or arising prior to the Confirmation Date from, in whole or in part, the Debtors, the restructuring, the Chapter 11 Cases, the pre- and postpetition marketing and sale process, the purchase, sale or rescission of the purchase or sale of any security of the Debtors or Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the Prepetition First Lien Credit Documents, the Prepetition Super Senior Credit Documents, the Forbearance Agreement (as defined in the RSA), the DIP Documents, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Cases, the negotiation, formulation, preparation, or consummation of the Plan (including the Plan Supplement), the RSA, the Definitive Documents, or any related agreements, instruments, or other documents, the solicitation of votes with respect to the Plan, the pursuit of the confirmation and consummation of the Plan, in all cases based upon any act or omission, transaction, agreement, event or other occurrence taking place on or before the Confirmation Date; provided, that nothing in this Section 10.6(b) shall be construed to release the Released Parties from gross negligence, willful misconduct, or fraud as determined by a Final Order. The Persons and Entities in (i) through (iv) of this Section 10.6(b) shall be permanently enjoined from prosecuting any of the foregoing Claims or Causes of Action released under this Section 10.6(b) against each of the Released Parties. Notwithstanding anything to the contrary in the foregoing or in this Plan, the releases set forth above do not release any post-Confirmation Date obligations of any Entity under the Plan, the Confirmation Order, the Litigation Trust Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

## Section 10.7 of the Plan: Exculpation

To the maximum extent permitted by Section 1125(e) of the Bankruptcy Code and without affecting or limiting either the estate release set forth in Section 10.5 or the consensual releases by holders of Impaired Claims set forth in Section 10.6, and notwithstanding anything herein to the contrary, no Exculpated Party will have or incur, and each Exculpated Party is hereby released and exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, remedy, loss, and liability for any claim in connection with or arising out of the administration of the Chapter 11 Cases, the postpetition marketing and sale process, the postpetition purchase, sale, or rescission of the purchase or sale of any security of the Debtors; the negotiation and pursuit of the Disclosure Statement, the RSA, the Reorganization Transaction, the Plan, the solicitation of votes for, or confirmation of, the Plan or the Litigation Trust Agreement; the funding or

10

WEIL:\97210164\1\47019.0003

consummation of the Plan; the occurrence of the Effective Date; the administration of the Plan or the property to be distributed under the Plan, including but not limited to the issuance and distribution of the Litigation Trust Interests; the issuance of Securities under or in connection with the Plan; or the transactions in furtherance of any of the foregoing; provided, that nothing in this Section 10.7 shall be construed to release or exculpate an Exculpated Party from gross negligence, willful misconduct, or fraud as determined by a Final Order; provided, further, that nothing in this Section 10.7 shall be construed to release the obligations of Vector SPV (as defined in the Prepetition First Lien Credit Agreement) arising under the Vector Subordinated Note (as defined in the Prepetition First Lien Credit Agreement).

**HOLDERS OF CLAIMS WHO ACCEPT THE PLAN ARE AUTOMATICALLY DEEMED TO HAVE CONSENTED TO THE RELEASE PROVISIONS IN SECTION 10.6(B) OF THE PLAN.**

11

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1**.  **Amount of Class 4 Claim (Second Lien Claims)**.  For purposes of voting to accept or reject the Plan, the undersigned certifies that, as of the Voting Record Date, the undersigned holds a Class 4 Claim (Second Lien Claims) against the Debtors in the amount set forth below.

> **Amount**:           $[_____]

**Item 2**.  **Vote on the Plan**.  The undersigned holder of a Class 4 Claim (Second Lien Claims) in the amount set forth in Item 1 above hereby votes to:

**Check one box only**:              ❑     Accept the Plan

                                    ❑     Reject the Plan

**Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 2 above.**

**PLEASE TAKE NOTE THAT IF YOU SUBMIT THIS BALLOT TO THE VOTING AGENT AND EITHER: (A) FAIL TO INDICATE WHETHER YOU ARE ACCEPTING OR REJECTING THE PLAN OR (B) CHECK BOTH BOXES INDICATING THAT YOU ARE BOTH ACCEPTING AND REJECTING THE PLAN, YOUR BALLOT WILL NOT BE COUNTED IN DETERMINING THE ACCEPTANCE OR REJECTION OF THE PLAN.**

> **IMPORTANT INFORMATION REGARDING CERTAIN RELEASES BY HOLDERS OF CLAIMS:**
>
> **IF YOU RETURN A BALLOT AND VOTE TO ACCEPT THE PLAN, YOU ARE AUTOMATICALLY DEEMED TO HAVE CONSENTED TO THE RELEASE PROVISIONS IN SECTION 10.6(b) OF THE PLAN.**

**Item 3**.    **Acknowledgements and Ownership Certification**.    By signing this Ballot, the undersigned acknowledges receipt of a Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein.  The undersigned certifies that as of the Voting Record Date (a) it is the Holder of the Class 4 Claim (Second Lien Claims) identified in Item 1 above or (b) the undersigned is an authorized signatory and has full power and authority to vote to accept or reject the Plan on behalf of the Holder.

Print or Type Name of Holder:      _____

Signature:      _____

Name of Signatory (if different than Holder)[1]:      _____

If by Authorized Agent, Title of Agent:      _____

Street Address:      _____

City, State, Zip Code:      _____

Telephone Number:      _____

E-mail Address:      _____

Date Completed:      _____

---

[1]    If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.  You may be required to provide additional information or documentation with respect to such relationship.

2

## **SCHEDULE 2C**

**Form of General Unsecured Ballot**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------X

|                                      |   |                          |
|--------------------------------------|---|--------------------------|
| In re                                | : | **Chapter 11**           |
|                                      | : |                          |
| **FUSION CONNECT, INC.**, *et al.*,  | : | **Case No. 19-11811 (SMB)** |
|                                      | : |                          |
| Debtors.[1]                          | : | **(Jointly Administered)** |
|                                      | : |                          |

--------------------------------------------------------------X

**BALLOT FOR ACCEPTING OR REJECTING SECOND AMENDED JOINT**
**CHAPTER 11 PLAN OF FUSION CONNECT, INC., AND ITS SUBSIDIARY DEBTORS**

**BALLOT FOR:** *CLASS 5 – General Unsecured Claims*

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS 4:00 P.M., PREVAILING EASTERN TIME, ON NOVEMBER 4, 2019 (THE "VOTING DEADLINE"), UNLESS EXTENDED BY THE DEBTORS WITH THE CONSENT OF THE FIRST LIEN LENDER GROUP.**

> **IMPORTANT INFORMATION REGARDING CERTAIN RELEASES BY HOLDERS OF CLAIMS:**
>
> **IF YOU RETURN A BALLOT AND VOTE TO ACCEPT THE PLAN, YOU ARE AUTOMATICALLY DEEMED TO HAVE CONSENTED TO THE RELEASE PROVISIONS IN SECTION 10.6(b) OF THE PLAN.**

This ballot (the "**Ballot**") is provided to you to solicit your vote to accept or reject the *Second Amended Joint Chapter 11 Plan of Fusion Connect, Inc., and its Subsidiary Debtors* under chapter 11 of the Bankruptcy Code, dated October 7, 2019 (as it may be amended or modified, the "**Plan**"). The Plan is attached as __Exhibit A__ to the *Second Amended Disclosure Statement for the Amended*

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Fusion Connect, Inc. (2021); Fusion BCHI Acquisition LLC (7402); Fusion NBS Acquisition Corp. (4332); Fusion LLC (0994); Fusion MPHC Holding Corporation (3066); Fusion MPHC Group, Inc. (1529); Fusion Cloud Company LLC (5568); Fusion Cloud Services, LLC (3012); Fusion CB Holdings, Inc. (6526); Fusion Communications, LLC (8337); Fusion Telecom, LLC (0894); Fusion Texas Holdings, Inc. (2636); Fusion Telecom of Kansas, LLC (0075); Fusion Telecom of Oklahoma, LLC (3260); Fusion Telecom of Missouri, LLC (5329); Fusion Telecom of Texas Ltd., L.L.P. (8531); Bircan Holdings, LLC (2819); Fusion Management Services LLC (5597); and Fusion PM Holdings, Inc. (2478). The Debtors' principal offices are located at 210 Interstate North Parkway, Suite 300, Atlanta, Georgia 30339.

*Joint Chapter 11 Plan of Fusion Connect, Inc., and its Subsidiary Debtors*, dated October 7, 2019 (as it may be amended or modified, the "**Disclosure Statement**").

Copies of the Disclosure Statement and the Plan will be on file with the Office of the Clerk of the Bankruptcy Court for review during normal business hours (a fee may be charged) and are also available free of charge on the Debtors' claims agent's website (https://cases.primeclerk.com/Fusion/).

All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Plan. The Disclosure Statement provides information to assist you in deciding how to vote on the Plan. You should review the Disclosure Statement and the Plan in their entirety before you vote. You may wish to seek independent legal advice concerning the Plan and your classification and treatment under the Plan.

The Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code. The Plan can thereafter be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims voted in each Impaired Class, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan, and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote or if you vote to reject the Plan.

Please use this Ballot to cast your vote to accept or reject the Plan if you are, as of September 24, 2019 at 5:00 p.m. (prevailing Eastern Time) (the "**Voting Record Date**"), a holder of a General Unsecured Claim against the Debtors.

If you have any questions on how to properly complete this Ballot, please call Prime Clerk LLC (the "**Voting Agent**") at (844) 230-7218 (Domestic) or (347) 859-8784 (International) and request to speak with a member of the solicitation team, or email fusionconnectballots@Primeclerk.com with a reference to "Fusion Connect, Inc." in the subject line. **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

> **This Ballot is to be used for voting by holders of General Unsecured Claims (Class 5). In order for your vote to be counted, this Ballot must be properly completed, signed, and returned to the Voting Agent so that it is actually received <u>no later than 4:00 p.m. (prevailing Eastern Time) on November 4, 2019</u> (the "Voting Deadline"), unless such time is extended by the Debtors with the consent of the First Lien Lender Group.**

> **This Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of, or distribution on account of, Class 5 Claims (General Unsecured Claims).**

**INSTRUCTIONS FOR COMPLETING THE BALLOT**

2

       This Ballot is submitted to you to solicit your vote to accept or reject the Plan.  The terms of the Plan are described in the Disclosure Statement, including all exhibits thereto. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

       **To have your vote counted, you must complete, sign, and return this Ballot so that it is received by the Voting Agent no later than the Voting Deadline, unless such time is extended by the Debtors.  Ballots must be delivered to the Voting Agent (i) at an appropriate address listed below or (ii) via the Voting Agent's E-Ballot platform by visiting http://cases.primeclerk.com/Fusion/, clicking on the "E-Ballot" link and following the instructions set forth on the website.  Holders are encouraged to submit their Ballots via the E-Ballot platform.  If you choose to submit your Ballot via the E-Ballot platform, you should NOT submit your hard copy Ballot as well.  Please choose only one method of return for your Ballot.**

---

**If by U.S. Postal Service mail, overnight delivery or personal delivery by hand:**

Fusion Connect, Inc. Ballot Processing
c/o Prime Clerk LLC
One Grand Central Place
60 East 42nd Street, Suite 1440
New York, New York 10165

**If by electronic submission:**

Visit http://cases.primeclerk.com/Fusion/.  Click on the "E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot. If you choose to submit your Ballot via Prime Clerk's E-Ballot system, you should <u>not</u> also return a hard copy of your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#:**
_____

**"E-Balloting" is the sole manner in which Ballots will be accepted via electronic transmission.**

---

       **Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission (except via the Voting Agent's E-Ballot platform).**

3

WEIL:\97210164\1\47019.0003

**The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the holder, (ii) any ballot cast by a Person that does not hold a Claim in a Class entitled to vote on the Plan, (iii) any unsigned Ballot, (iv) any ballot that does not contain an original signature (for the avoidance of doubt, a Ballot submitted by the E-Ballot platform shall be deemed to bear an original signature); and (v) any Ballot transmitted to the Voting Agent by facsimile, or electronic transmission, or other electronic means (other than Ballots entitled to be submitted via the Voting Agent's online balloting portal). An otherwise properly completed, executed, and timely returned Ballot failing to indicate either acceptance or rejection of the Plan or indicating both acceptance and rejection of the Plan will not be counted.**

To properly complete the Ballot, you must follow the procedures described below:

a.    Make sure that the information contained in Item 1 is correct;

b.    If you have a Class 5 – General Unsecured Claim, cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

c.    **Make sure to read the information regarding the Releases in Item 2. <u>Holders of Claims who accept the Plan are automatically deemed to have consented to the release provisions in Section 10.6(b) of the Plan.</u>**

d.    If you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing on the appropriate line in Item 3. By submitting the Ballot you are certifying that you have authority to so act and agree to provide documents evidencing such authority upon request (*e.g.*, a power of attorney or a certified copy of board resolutions authorizing you to so act);

e.    If you hold other General Unsecured Claims (Class 5), you may receive more than one Ballot. Your vote will be counted in determining acceptance or rejection of the Plan by a particular Class of Claims only if you complete, sign, and return the Ballot labeled for such Class of Claims in accordance with the instructions on that Ballot. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive;

f.    You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan;

g.    If more than one timely, properly completed Ballot is received, only the last properly completed Ballot received by the Voting Agent will be counted, unless the holder of the Claim receives Bankruptcy Court approval otherwise;

h.    If you believe that you have received the wrong Ballot, please contact the Voting Agent immediately;

i.    Provide your name, mailing address, and any remaining information requested;

4

j.      Sign and date your Ballot; and

k.      Return your Ballot with an original signature to the Voting Agent.  For the avoidance of doubt, a Ballot submitted by the E-Ballot platform shall be deemed to bear an original signature.

No Ballot shall constitute or be deemed a proof of Claim or an assertion of Claim.

In the event that (i) the Debtors revoke or withdraw the Plan or (ii) the Confirmation Order is not entered or consummation of the Plan does not occur, this Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you.

**IF YOU (A) HAVE ANY QUESTIONS REGARDING THIS BALLOT, (B) DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, (C) DID NOT RECEIVE A LINK TO THE DEBTORS' WEBSITE PAGE CONTAINING THE DISCLOSURE STATEMENT AND PLAN, OR (D) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (844) 230-7218 (DOMESTIC) OR (347) 859-8784 (INTERNATIONAL) AND REQUEST TO SPEAK WITH A MEMBER OF THE SOLICITATION TEAM, OR BY E-MAILING FUSIONCONNECTBALLOTS@PRIMECLERK.COM WITH A REFERENCE TO "FUSION CONNECT, INC." IN THE SUBJECT LINE.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.  THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

WEIL:\97210164\1\47019.0003

# IMPORTANT INFORMATION REGARDING THE
# INJUNCTION, RELEASES, AND EXCULPATION PROVISIONS IN THE PLAN[2]

### *Select Defined Terms*

"*Affiliates*" means "Affiliates" as such term is defined in section 101(2) of the Bankruptcy Code.

"*Claim*" has the meaning set forth in section 101(5) of the Bankruptcy Code, as against any Debtor.

"*Confirmation Order*" means the order of the Bankruptcy Court confirming the Plan pursuant to section 1129 of the Bankruptcy Code.

"*Definitive Documents*" means the documents (including any related orders, agreements, instruments, schedules or exhibits) that are necessary or desirable to implement, or otherwise relate to the Reorganization Transaction, including, but not limited to: (a) the Plan; (b) the Disclosure Statement; (c) the Disclosure Statement Motion, (d) the Disclosure Statement Order; (e) the Consulting Agreement; (f) each of the documents comprising the Plan Supplement; and (g) the Confirmation Order.

"*Exculpated Parties*" means collectively, each solely in their capacities as such, the (a) Debtors; (b) Reorganized Debtors; (c) Consenting First Lien Lenders; (d) Prepetition First Lien Administrative Agent; (e) Prepetition Super Senior Administrative Agent; (f) DIP Agent, (g) DIP Lenders; (h) New First Lien Lenders; (i) New First Lien Agent; (j) New Exit Facility Lenders; (k) New Exit Facility Agent; (l) Litigation Trust Oversight Committee; (m) Creditors' Committee and each of its members in such capacity; (n) Non-Debtor Related Parties; and (o) Debtor Exculpated Parties.

"*Interests*" means any equity security (as defined in section 101(16) of the Bankruptcy Code) of a Debtor, including all shares, common stock, preferred stock, units, membership interest, partnership interest, or other instrument evidencing any fixed or contingent ownership interest in any Debtor, whether or not transferable, and any option, warrant, or other right, contractual or otherwise, to acquire any such interest in the Debtors, whether fully vested or vesting in the future, including, without limitation, equity or equity-based incentives, grants, or other instruments issued, granted or promised to be granted to current or former employees, directors, officers, or contractors of the Debtors, to acquire any such interests in the Debtors that existed immediately before the Effective Date.

"*Litigation Trust*" means the trust that will be created on the Effective Date pursuant to the Litigation Trust Agreement and in accordance with the terms of this Plan.

"*Released Parties*" means collectively the: (a) Reorganized Debtors; (b) Consenting First Lien Lenders; (c) Prepetition First Lien Administrative Agent; (d) Consenting Second Lien Lenders; (e) Prepetition Second Lien Administrative Agent; (f) DIP Agent; (g) DIP Lenders; (h) Prepetition Super Senior Administrative Agent; (i) Prepetition Super Senior Lenders; (j) Creditors'

---

[2]    Capitalized terms used in this section but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Plan.

6

Committee and each of its members in such capacity; (k) the Specified Officers and Directors; (l) Non-Debtor Related Parties; and (m) Debtor Related Parties; provided, however, that notwithstanding anything to the contrary herein, no Non-Released Party shall be a Released Party.

"**_Reorganization Transaction_**" means, collectively, (a) issuance of the New Equity Interests; (b) entry into the New First Lien Credit Documents; (c) entry into the New Exit Facility Documents; (d) entry into the Special Warrant Agreement; (e) entry into the Litigation Trust Agreement; (f) entry into the Litigation Trust Loan Agreement; (g) execution of the Amended Organizational Documents; (h) vesting of the Debtors' assets in the Reorganized Debtors, in each case, in accordance with the Plan; and (i) the other transactions that the Debtors and the Requisite First Lien Lenders reasonably determine are necessary or appropriate to implement the foregoing, in each case, in accordance with the Plan and the RSA.

"**_Reorganized Debtors_**" means, the Debtors, as reorganized pursuant to and under the Plan on and after the Effective Date.

**_Select Provisions of the Plan_**

**Section 10.5 of the Plan: Injunction**

        **(i)**     **Upon entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and Affiliates, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan in relation to any Claim or Interest extinguished, discharged, or released pursuant to the Plan.**

        **(j)**     **Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court or as agreed to by the Debtors and a holder of a Claim against or Interest in the Debtors, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and Affiliates are permanently enjoined, on and after the Effective Date, solely with respect to any Claims, Interests, and Causes of Action that will be or are extinguished, discharged, or released pursuant to the Plan from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the Reorganized Debtors, or the Litigation Trust, or the property of any of the Debtors, the Reorganized Debtors, or the Litigation Trust; (ii) enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors, the Reorganized Debtors, or the Litigation Trust, or the property of any of the Debtors, the Reorganized Debtors, or the Litigation Trust; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the Reorganized Debtors, or the Litigation Trust, or the property of any of the Debtors, the**

7

Reorganized Debtors, or the Litigation Trust; (iv) asserting any right of setoff, directly or indirectly, against any obligation due from the Debtors, the Reorganized Debtors, or the Litigation Trust, or against property or interests in property of any of the Debtors, the Reorganized Debtors, or the Litigation Trust, except as contemplated or Allowed by the Plan; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

(k)    Each holder of an Allowed Claim or Interest extinguished, discharged, or released pursuant to the Plan will be deemed to have affirmatively and specifically consented to be bound by the Plan, including, without limitation, the injunctions set forth in this Section 10.5.

(l)    The injunctions in this Section 10.5 shall extend to any successors of the Debtors, the Reorganized Debtors, and the Litigation Trust, and their respective property and interests in property.

**Section 10.6 of the Plan: Releases**

(m)    **Estate Releases**.

As of the Confirmation Date, pursuant to section 1123(b) of the Bankruptcy Code, except for the rights that remain in effect from and after the Confirmation Date to enforce the Plan and the Definitive Documents, for good and valuable consideration, the adequacy of which is hereby confirmed, including, without limitation, the service of the Released Parties to facilitate the reorganization of the Debtors and the implementation of the restructuring, and except as otherwise provided in the Plan or in the Confirmation Order, the Released Parties will be deemed expressly, conclusively, absolutely, unconditionally, irrevocably and forever released and discharged, to the maximum extent permitted by law, by the Debtors and their Estates, the Reorganized Debtors, and the Litigation Trust, from any and all Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, remedies, losses, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, or the Reorganized Debtors, as applicable, the Litigation Trust, or the Estates, or their respective successors, predecessors, assigns, and representatives and any and all other Persons or Entities that may purport to assert any Cause of Action derivatively, by or through the foregoing, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, contract, tort, by statute, violations of federal or state securities law, or otherwise, that the Debtors or the Reorganized Debtors (as applicable), the Litigation Trust, or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising prior to the Confirmation Date from, in whole or in part, the Debtors, the Chapter 11 Cases, the pre- and postpetition marketing and sale process, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the Prepetition First Lien Credit Documents, the Prepetition Super Senior Credit Documents, the Forbearance Agreement (as defined in the RSA), the DIP Documents, the business or contractual

8

arrangements between any of the Debtors and any Released Party, the restructuring, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Disclosure Statement, the RSA, and the Plan (including, for the avoidance of doubt, the Plan Supplement) and related agreements, instruments, and other documents (including the Definitive Documents), and the negotiation, formulation, or preparation of any documents or transactions in connection with any of the foregoing, the solicitation of votes with respect to the Plan, the pursuit of the confirmation and consummation of the Plan, or any other act or omission, in all cases based upon any act or omission, transaction, agreement, event or other occurrence taking place on or before the Confirmation Date; provided, that nothing in this Section 10.6(a) shall be construed to release the Released Parties from gross negligence, willful misconduct, or fraud as determined by a Final Order; provided, further, that nothing in this Section 10.6(a) shall be construed to release the obligations of Vector SPV (as defined in the Prepetition First Lien Credit Agreement) arising under the Vector Subordinated Note (as defined in the Prepetition First Lien Credit Agreement). The Debtors, the Reorganized Debtors and their Estates, and the Litigation Trust, or their respective successors, predecessors, assigns, and representatives and any and all other Persons or Entities that may purport to assert any Cause of Action derivatively, by or through the foregoing, shall be permanently enjoined from prosecuting any of the foregoing Claims or Causes of Action released under this Section 10.6(a) against each of the Released Parties. Notwithstanding anything to the contrary in the foregoing or in this Plan, the releases set forth above do not release any post-Confirmation Date obligations of any Entity under the Plan, the Confirmation Order, the Litigation Trust Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

     (n)    <u>Consensual Releases by Holders of Impaired Claims.</u>

As of the Confirmation Date, except (i) for the right to enforce the Plan or any right or obligation arising under the Definitive Documents that remains in effect or becomes effective after the Confirmation Date or (ii) as otherwise expressly provided in the Plan or in the Confirmation Order, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Confirmation Date, the Released Parties shall be deemed expressly, conclusively, absolutely, unconditionally, irrevocably and forever, released, and discharged by:

     (i)    the holders of Impaired Claims who voted to accept the Plan;

     (ii)    the Consenting First Lien Lenders;

     (iii)    the Consenting Second Lien Lenders;

     (iv)    the Creditors' Committee and each of its members in their capacity as such; and

(v)      with respect to any Entity in the foregoing clauses (i) through (iii), such Entity's (x) predecessors, successors and assigns, (y) subsidiaries, Affiliates, managed accounts or funds, managed or controlled by such Entity and (z) all Persons entitled to assert Claims through or on behalf of such Entities with respect to the matters for which the releasing entities are providing releases.

in each case, from any and all Claims, Interests, or Causes of Action whatsoever, including any derivative Claims asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, contract, tort, by statute, violation of federal or state securities law, or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on, relating to, or arising prior to the Confirmation Date from, in whole or in part, the Debtors, the restructuring, the Chapter 11 Cases, the pre- and postpetition marketing and sale process, the purchase, sale or rescission of the purchase or sale of any security of the Debtors or Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the Prepetition First Lien Credit Documents, the Prepetition Super Senior Credit Documents, the Forbearance Agreement (as defined in the RSA), the DIP Documents, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Cases, the negotiation, formulation, preparation, or consummation of the Plan (including the Plan Supplement), the RSA, the Definitive Documents, or any related agreements, instruments, or other documents, the solicitation of votes with respect to the Plan, the pursuit of the confirmation and consummation of the Plan, in all cases based upon any act or omission, transaction, agreement, event or other occurrence taking place on or before the Confirmation Date; provided, that nothing in this Section 10.6(b) shall be construed to release the Released Parties from gross negligence, willful misconduct, or fraud as determined by a Final Order.  The Persons and Entities in (i) through (iv) of this Section 10.6(b) shall be permanently enjoined from prosecuting any of the foregoing Claims or Causes of Action released under this Section 10.6(b) against each of the Released Parties. Notwithstanding anything to the contrary in the foregoing or in this Plan, the releases set forth above do not release any post-Confirmation Date obligations of any Entity under the Plan, the Confirmation Order, the Litigation Trust Agreement, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

## Section 10.7 of the Plan: Exculpation

To the maximum extent permitted by Section 1125(e) of the Bankruptcy Code and without affecting or limiting either the estate release set forth in Section 10.5 or the consensual releases by holders of Impaired Claims set forth in Section 10.6, and notwithstanding anything herein to the contrary, no Exculpated Party will have or incur, and each Exculpated Party is hereby released and exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, remedy, loss, and liability for any claim in connection with or arising out of the administration of the Chapter 11 Cases, the postpetition marketing and sale process, the postpetition purchase, sale, or rescission of the purchase or sale of any security of the Debtors; the negotiation and pursuit of the

10

**Disclosure Statement, the RSA, the Reorganization Transaction, the Plan, the solicitation of votes for, or confirmation of, the Plan or the Litigation Trust Agreement; the funding or consummation of the Plan; the occurrence of the Effective Date; the administration of the Plan or the property to be distributed under the Plan, including but not limited to the issuance and distribution of the Litigation Trust Interests; the issuance of Securities under or in connection with the Plan; or the transactions in furtherance of any of the foregoing; provided, that nothing in this Section 10.7 shall be construed to release or exculpate an Exculpated Party from gross negligence, willful misconduct, or fraud as determined by a Final Order; provided, further, that nothing in this Section 10.7 shall be construed to release the obligations of Vector SPV (as defined in the Prepetition First Lien Credit Agreement) arising under the Vector Subordinated Note (as defined in the Prepetition First Lien Credit Agreement).**

**<u>HOLDERS OF CLAIMS WHO ACCEPT THE PLAN ARE AUTOMATICALLY DEEMED TO HAVE CONSENTED TO THE RELEASE PROVISIONS IN SECTION 10.6(B) OF THE PLAN.</u>**

11

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1**. **Amount of Class 5 Claim (General Unsecured Claims)**.  For purposes of voting to accept or reject the Plan, the undersigned certifies that, as of the Voting Record Date, the undersigned holds a Class 5 Claim (General Unsecured Claims) against the Debtors in the amount set forth below.

> **Amount**:            $[_____]

**Item 2**.  **Vote on the Plan**.  The undersigned holder of a Class 5 Claim (General Unsecured Claims) in the amount set forth in Item 1 above hereby votes to:

**Check one box only**:          ❑          Accept the Plan

                                               ❑          Reject the Plan

**Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 2 above.**

**PLEASE TAKE NOTE THAT IF YOU SUBMIT THIS BALLOT TO THE VOTING AGENT AND EITHER: (A) FAIL TO INDICATE WHETHER YOU ARE ACCEPTING OR REJECTING THE PLAN OR (B) CHECK BOTH BOXES INDICATING THAT YOU ARE BOTH ACCEPTING AND REJECTING THE PLAN, YOUR BALLOT WILL NOT BE COUNTED IN DETERMINING THE ACCEPTANCE OR REJECTION OF THE PLAN.**

> **IMPORTANT INFORMATION REGARDING CERTAIN RELEASES BY HOLDERS OF CLAIMS:**
>
> **IF YOU RETURN A BALLOT AND VOTE TO ACCEPT THE PLAN, YOU ARE AUTOMATICALLY DEEMED TO HAVE CONSENTED TO THE RELEASE PROVISIONS IN SECTION 10.6(b) OF THE PLAN.**

**Item 3**.  **Acknowledgements and Ownership Certification**.  By signing this Ballot, the undersigned acknowledges receipt of a Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein.  The undersigned certifies that as of the Voting Record Date (a) it is the Holder of the Class 5 Claim (General Unsecured Claims) identified in Item 1 above or (b) the undersigned is an authorized signatory and has full power and authority to vote to accept or reject the Plan on behalf of the Holder.

12

WEIL:\97210164\1\47019.0003

Print or Type Name of Holder:                    _____

Signature:                                       _____

Name of Signatory (if different than Holder)[3]: _____

If by Authorized Agent, Title of Agent:          _____

Street Address:                                  _____

City, State, Zip Code:                           _____

Telephone Number:                                _____

E-mail Address:                                  _____

Date Completed:                                  _____

---

[3]   If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.  You may be required to provide additional information or documentation with respect to such relationship.

13