UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                    :

In re                                             :              Chapter 11

FUSION CONNECT, INC., *et al.*,            :              Case No. 19-11811 (SMB)

                  Debtors.[1]                    :              (Jointly Administered)

-----------------------------------------------------------------X

**ORDER (I) AUTHORIZING AND APPROVING (A) ENTRY INTO SETTLEMENT AGREEMENT WITH ZAYO GROUP, LLC, (B) ASSUMPTION AND ASSIGNMENT OF BUILDING ACCESS AGREEMENTS, AND (C) REJECTION OF SPECIFIED DARK FIBER SERVICES AND ASSOCIATED SERVICE ORDER FORMS, (D) TRANSFER OF CERTAIN EQUIPMENT, AND (II) GRANTING RELATED RELIEF**

Upon the motion dated November 25, 2019 (ECF No. 617) (the "**Motion**")[2] of Fusion Connect, Inc. ("**Fusion**") and its debtor subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") for entry of an order pursuant to sections 105(a), 363, and 365 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 6006 and 9019(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 6004-1 of the Local Bankruptcy Rules for the Southern District of New York requesting, (i) authority to (a) enter into and perform under the Settlement Agreement, (b) assume and assign the BAA's to Zayo, (c) reject the Dark Fiber Services and associated service orders as of the Effective Date, (d) reject the service contracts for the Noticed

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Fusion Connect, Inc. (2021); Fusion BCHI Acquisition LLC (7402); Fusion NBS Acquisition Corp. (4332); Fusion LLC (0994); Fusion MPHC Holding Corporation (3066); Fusion MPHC Group, Inc. (1529); Fusion Cloud Company LLC (5568); Fusion Cloud Services, LLC (3012); Fusion CB Holdings, Inc. (6526); Fusion Communications, LLC (8337); Fusion Telecom, LLC (0894); Fusion Texas Holdings, Inc. (2636); Fusion Telecom of Kansas, LLC (0075); Fusion Telecom of Oklahoma, LLC (3260); Fusion Telecom of Missouri, LLC (5329); Fusion Telecom of Texas Ltd., L.L.P. (8531); Bircan Holdings, LLC (2819); Fusion Management Services LLC (5597); and Fusion PM Holdings, Inc. (2478). The principal executive office of the Debtors is located at 210 Interstate North Parkway, Suite 300, Atlanta, Georgia 30339.

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

End-User Customers, and (e) transfer the Lateral Equipment to Zayo; and (ii) related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion having been provided in accordance with the Case Management Order, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the attorneys for the Debtors having filed a declaration pursuant to 28 U.S.C. § 1746 indicating that no objections to the Motion have been filed; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. Pursuant to Bankruptcy Rule 9019, the Settlement as set forth in the Settlement Agreement is hereby approved in all respects as fair and equitable and in the best interests of the Debtors and their estates.

3. Pursuant to section 365(a) of the Bankruptcy Code, the Debtors are authorized to reject (i) the Dark Fiber Services and associated service order forms as of the

Effective Date and (ii) the service contracts for the Noticed End-User Customers listed in <u>Schedule 8</u> to the Settlement Agreement.

4. Pursuant to section 365(a) and 365(b)(1) of the Bankruptcy Code, the Debtors are authorized to assume and assign the BAA's to Zayo in accordance with the terms of the Settlement Agreement. Any Cure Amounts owed by the Debtors or Reorganized Debtors, as applicable, to counterparties to the BAA's shall be paid in the ordinary course of business.

5. Pursuant to section 363(b) of the Bankruptcy Code, the Debtors are authorized to (i) transfer title to the Lateral Equipment listed on <u>Schedule 4</u> of the Settlement Agreement to Zayo and (ii) enter into the service order forms attached to <u>Schedule 6</u> and <u>Schedule 7</u> of the Settlement Agreement.

6. Nothing in this Order or the Settlement Agreement shall impair the rights of the Debtors or Litigation Trust, as applicable, to challenge any rejection damage claims asserted by Zayo.

7. The requirements of Bankruptcy Rule 6006(f)(6) are waived with respect to the Debtors' assumption and assignment of the BAA's.

8. The Debtors are authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement and perform any and all obligations contemplated therein.

9. Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), this Order shall be effective and enforceable immediately upon entry hereof.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: **December 13th, 2019**
New York, New York

/s/ **STUART M. BERNSTEIN**
THE HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE